CASE 71—ACTION TO ENFORCE LIEN ON LAND—DEC. 12.

# Carr v. Winlock.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS—REVERSED.

HOMESTEAD—WAIVER OF EXEMPTION.

Held:  Under the Kentucky Statutes, section 1706, providing that no mortgage, release, or waiver of the homestead exemption shall be valid "unless the same be in writing subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate," where a purchaser, after paying the greater part of the purchase price of a tract of land which he occupied as a homestead, purchased another tract from the same vendor, and accepted a single deed to both tracts, on which a lien was retained for the unpaid balance of the price of both tracts, for which a single note was executed, the purchaser was entitled to a homestead in the first tract, except as against the amount due upon that tract.

DUFF & RICHARDSON AND HERMAN MORRIS, ATTORNEYS FOR APPELLANT.

The evidence shows that appellant purchased from Piper twenty-three acres of land long prior to the date of the note sued on, and *moved on to it and occupied it as a homestead with his family;* that he paid all the purchase money for the twenty-three acres except about $24. He afterwards bought nine acres adjoining the twenty-three, at the price of $150. He held a title bond for the twenty-three acres, and when he bought the nine acres he executed a note for all the purchase money due on both tracts, and accepted a deed for the two tracts in which a lien was retained for said note.

Under this state of case we claim that the plaintiff in his suit to enforce his lien for the said note is not entitled to a lien as

Carr v. Winlock.

against the twenty-three-acre tract, for only so much of the purchase money embraced in the note as remains unpaid on the twenty-three-acre tract. Ky. Stats., secs. 1702, 1706, 2358; Wing, &c., v. Hayden, 10 Bush, 279; Lear v. Potter, 14 Bush, 104; 11 Bush, 296; Hayden v. Robinson, 83 Ky., 615.

V. H. BAIRD, ATTORNEY FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. Where fraud is alleged, and denied, burden on the party alleging. See 13, Law Rep., 916.
2. Homestead can not be exempted as to purchase money, nor against a lien given by a husband by accepting deed for the land in which the homestead is claimed, although a portion of the lien is not purchase money. See Ky. Stats., p. 683, sec. 1702, chap. 46.
3. The wife not being a party, the husband can claim neither homestead nor dower, he having waived it.
4. The wife could claim neither homestead nor dower in the land against appellees, her husband not being seized with the land. See Ky. Stats., chap. 66, sec. 2132, p. 835; 10 Rep., 1013; 5 Rep., 318-492; 7 Rep., 291.

ADDITIONAL BRIEF BY HERMAN MORRIS FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. Court had no power to sell two tracts of land as a whole when it appears that one tract will pay the debt; and the court had no power to sell land not mentioned or referred to in the plaintiff's petition. Civil Code, sec. 694; Sears v. Henry, 13 Bush, 413.
2. The adding to the unpaid balance of the purchase price for land a debt other than the purchase money for such land, and including such other debt with small balance on the purchase price, in the deed to and note for the land, does not constitute a mortgage, release or waiver of homestead as to such other debt, under sections 1702 and 1706, Kentucky Statutes.
3. The right to homestead is exclusively the husband's; he may sue for it, or defend it, or sell it without joining his wife with him; but he can not mortgage, release or waiver it without joining his wife with him in such mortgage, &c. Crout v. Suater, 13 Bush, 442; Kentucky Statutes, 1706; 10 R., 954, 598 and 173; Wing, &c., v. Hayden, 10 Bush, 279; McGrath v. Berry, 13 Bush, 391; Withers v. Pugh, 13 R., 104.
4. Homestead right accrues at date of purchase, not at date of deed. 16 R., 34; 12 R., 825; Moseley v. Bivins, 12 R., 825.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This is an appeal from a judgment of the Barren Circuit Court, subjecting a tract of 23 acres of land, claimed by appellant as his homestead, to the payment of an alleged lien for the purchase money thereon. The facts out of which the controversy grew are as follows: The appellee, J. R. Winlock, some eight or nine years before the execution of the note sued on, sold to one Dugan Piper 23 acres of land, at the price of $12.50 per acre. Piper executed his notes for the purchase money, and appellee executed to him a bond for a deed. After Piper had paid about one-half of the purchase money, he sold the 23 acres of land to the appellant, and transferred appellee's title bond to him, who thereupon moved into the dwelling house on the land with his wife and children, and thereafter claimed and occupied it as a homestead. Appellant continued to make payments on the Piper notes until he had paid all of them except $24. About this time appellant purchased of appellee 10 additional acres of land adjoining the 23-acre tract, at the price of $150. Thereupon appellee blended the $24 remaining unpaid on the 23 acres with the $150 contracted to be paid for the additional 10 acres, taking therefor three notes, of $58.05 each, due in one, two, and three years, respectively. At the same time he executed appellant a deed in which both tracts were conveyed. In this conveyance a lien was retained on both tracts to secure the payment of each of the $58.05 notes, and the Piper notes were surrendered. Subsequently appellee paid the first of the $58.05 notes which fell due. After the maturity of the second note, but before the third note fell due, appellee renewed these two notes, blending them into one note for $129.16, this being the note sued on. In his petition appellee sought a personal judgment against appel-

lant, and an enforcement of the lien retained in the deed against both tracts of land. Appellant by his answer admitted that there was still due a small portion of the purchase money upon the 23-acre tract, and the execution of the note sued on, but says that at the date of the purchase of the 10-acre tract he was a *bona fide* housekeeper with a family residing on the 23-acre tract; that it was of less value than $1,000; and he claims the 23 acres as his homestead exemption, except as to the small balance due thereon for purchase money; and denied that appellee, by the retention in the deed made to him, acquired any valid and enforceable claim thereto as against his homestead right. It was adjudged by the chancellor that appellee had a valid lien on both tracts of land, and directed a sale of both to satisfy the balance due on the purchase price of each tract. From that judgment this appeal is prosecuted.

Section 1702 of the Kentucky Statutes exempts homesteads which do not exceed in value $1,000 to *bona fide* housekeepers with families, resident in this Commonwealth, from sale at a suit of creditors, except to foreclose a mortgage given by the owner of the homestead, or for purchase money due therefor. Section 1706 of the Kentucky Statutes provides: "That no mortgage, release or waiver of such exemption shall be valid, unless the same be in writing subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate." It is insisted by counsel for appellee, that, as appellant did not have a legal title to the 23 acres of land until the execution of the deed to him by appellee for both tracts of land, no homestead right had attached thereto, and that appellant had a right to contract for a lien on both tracts, not only for the full consideration of the 10-acre tract, but also for the balance

due appellee upon the original sale of the 23 acres, and that when he gave his notes blending the two sums, and accepted the deed with the lien retained, it was binding on him, and an effectual waiver of all claims to the homestead exemption against the amount of both; and this seems to have been the view adopted by the trial judge, but we think erroneously.

The statute in giving the homestead does not confine it to any particular interest or estate in the land. The equitable owner of real estate may occupy and hold it as his homestead, subject to all of the rights, privileges, immunities and disabilities given and imposed by the homestead exemption laws, exactly in the same way and to the same extent as though he held the legal title thereto. And the husband can not release or waive his interest therein without the concurrence of his wife in the manner required by the statute, where the full legal title is in him, while he may voluntarily sell and convey the land occupied by him as a homestead, although the wife did not join in the deed, so as to bar any subsequent claim therein to homestead by the wife, as has been frequently held by this court. See Brame v. Craig, 12 Bush, 404; Pribble v. Hall, 13 Bush, 61. It consequently follows that the adding the unpaid balance of the purchase price of the 23-acre tract to the purchase money of the 10-acre tract, and taking a note therefor, and then executing a deed to both tracts, retaining a lien on both for the amount of the blended notes, does not constitute a mortgage, release or waiver of the homestead under section 1706 of the Kentucky Statutes, and does not bar the claim of homestead relied on by appellant. As one of the original $58.05 notes, executed for both tracts of land, was paid in full, and $15 has been credited upon the note sued on, we are of the opinion that

these credits should be prorated between the $24 due on the original 23-acre purchase and the $150 due for the 10-acre purchase, and a lien enforced separately on each tract, respectively, if the 10-acre tract fails to bring enough to pay the entire balance due appellee. The judgment is reversed, and the cause remanded for proceedings consistent with this opinion.