CASE 23—ACTION BY J. T. RAMSEY, &C. AGAINST THE CITY OF SHEL-
BYVILLE, &C. TO TEST THE VALIDITY OF AN ORDINANCE LEVYING A
TAX FOR MAINTAINING A PUBLIC LIBRARY.—DEC. 2.

# Ramsey, &c. v. City of Shelbyville.

APPEAL FROM SHELBY CIRCUIT COURT, R. F. PEAK, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

ORDINANCES—ACTION TO DECLARE INVALID—POWER OF CITY COUNCIL—
MAINTAINING PUBLIC LIBRARY—EDUCATIONAL PURPOSES—CREAT-
ING INDEBTEDNESS.

1. Taxpayers may maintain an action to have declared invalid
an ordinance which accepts a proposition to give the city money
for a library building on condition of its guarantying $1,000 a
year for the library, though no levy has yet been made of the
tax provided for by it, as it creates an obligation on the city.

2. Kentucky Statutes 1903, section 3490, subd. 22, giving a city council
power "to establish, maintain and regulate a local public library,
and raise subscriptions, donations and gifts therefor," empowers
it to establish and maintain a local public library by taxation.

3. A tax to maintain a public library is not one for education, within
Constitution, sec. 184, prohibiting a tax for education other than
in common schools, till it has been authorized at an election,
provided that the tax now imposed for educational purposes and
for the Agricultural and Mechanical College shall remain till
changed by law, this having reference to a tax for a school.

4. An ordinance accepting a gift for a library building offered on
the condition that the city guaranty $1,000 annually for main-
tenance of the library contravenes Constitution, sec. 157, pro-
viding that no city shall become "indebted in any manner or for
any purpose, for an amount exceeding in any year, the income
and revenue provided for such year," without the assent of the
voters at an election.

J. C. BECKHAM & SON, ATTORNEYS FOR APPELLANT.

1. We insist that section 3490, subsection 22, does not author-
ize a city of the fourth class to levy a tax in aid of a public li-
brary; the language is: "To establish, maintain and regulate a
local public library and raise subscriptions, donations and gifts
thereto."

Ramsey, &c. v. City of Shelbyville.

But if the power claimed by the city of Shelbyville is granted in the statute above quoted, we insist that the statute itself, if so construed, is without constitutional authority.

2. Section 187 of the Constitution provides that in "distributing the school fund no distinction shall be made on account of race or color, and separate schools for white and colored children shall be maintained." We repeat that if a tax can be imposed for a public library, it must be because it is authorized by that part of our Constitution relating to education, and the section just quoted (187) makes it imperative that in our educational system the two races, white and colored, must be kept distinct and provided for separately. No such provision is found in this statute.

2. To sum up, by no fair construction of this statute can it be said that it, either expressly or impliedly, grants the power to tax; if it does grant such power, then the Legislature exceeded its constitutional authority.

GILBERT & GILBERT, ATTORNEYS FOR APPELLANTS.

1. Residents and taxpayers of a city have a right to invoke the power of the chancellor to prevent an illegal disposition of the resources of the city and to restrain officials of the city from proceeding to enforce an illegal ordinance. Roberts v. City of Louisville, &c., 92 Ky., 97; Keith v. Johnson, &c., 109 Ky., 421; Ludlow, &c., Coal Co. v. City of Ludlow, 19 Ky. Law Rep., 1382; Adams v. Brenan, 42 L. R. A., 720; Mauldin v. Greenville, 8 L. R. A., 293.

2. The effort to escape a decision upon the merits of this controversy by the allegation that the city had not proceeded to enforce the ordinance and had not and would not collect the tax will not avail. The illegal ordinance has been passed and is recorded on the books of the city. It has not been repealed, and no allegation or proof that the city council intend to repeal it. Roberts, &c. v. City of Louisville, 92 Ky., 108.

3. The ordinance attacked in the case at bar is so confused and contradictory in its terms that it is difficult to determine whether it takes effect from its passage or at a future date, but at all events it does attempt to create a binding obligation upon the part of the city for a longer period than twenty years, and if valid it is a contract with reference to a privilege expressly prohibited by the Constitution. City of Somerset v. Smith, 105 Ky., 681; Insurance Co. v. Darenkamp, 23 Ky. Law Rep., 2251.

4. The amount of debt which a city of the fourth class can contract is ascertained by multiplying the amount of the debt

Ramsey, &c. v. City of Shelbyville.

by the number of years for which this debt is to be paid. City of Shelbyville v. Shelbyville Water and Light Co., 16 Ky. Law Rep., 176; City of Richmond v. Powell, 16 Ky. Law Rep., 174; Board v. City of Hopkinsville, 15 Ky. Law Rep., 756; Constitution, secs. 157, 158, 164; O'Bryan v. City of Owensboro, 24 Ky. Law Rep., 645.

5. We say further that the ordinance now in dispute is in violation of section 157 of the Constitution.

6. Furthermore, appellants insist that there is no authority in the charter of cities of the fourth class authorizing the passage of this ordinance. The maintenance of a public library is not one of the ordinary expenses incident to the maintenance of a city government.

WILLIS & TODD, ATTORNEYS FOR APPELLEES.

1. The city of Shelbyville has not contracted any indebtedness to or with anybody. It has not contracted that it would pay to Andrew Carnegie one cent, nor to any agent of Andrew Carnegie one cent. It has not contracted that it would pay to its board of directors one cent for any certain time, or any definite time; it has only provided that it will support one of its own institutions and departments with a specified sum as long as that institution or department is in existence, and no longer. It is no more an indebtedness than its annual appropriations to its fire department is an indebtedness, or its annual appropriations to its police department is an indebtedness, or its annual appropriations to its poor house, work house, station house and pest house is an indebtedness.

2. This record shows that the building that is now being completed is on a lot belonging to the city of Shelbyville, and that the city of Shelbyville has not parted with the title thereto, but still maintains the control thereof through its council.

4. There is no real issue before the court. Counsel for plaintiff is wanting the court to decide the rights of their client under an ordinance that no one has ever yet undertaken to enforce. They are wanting the court to adjudge a tax illegal and invalid that has never been levied, and the allegations of the answer and proof show never will be levied. They are asking the court to decide that a tax is burdensome, or beyond a certain limit, when the uncontradicted proof shows that the city in the exercise of its legal functions and powers has for years been appropriating five hundred dollars a year toward the maintenance of this department of its government, and has been regulating and controlling it.

5. Now the question and the only question in this case is,

is this provision on the part of the city of Shelbyville to support and maintain one of its departments, such an indebtedness as is contemplated by section 157 of the Constitution. Upon that subject the Kentucky authorities are barren and of no assistance except by way of analogy.

6. There is no money contracted to be paid to anybody; the city of Shelbyville under the ordinance under consideration does not propose to sell a bond; it has not contracted with anybody to render it any service; it has not contracted to pay anybody anything; it has only resolved through its board of council, that it will maintain a certain department of its city government, and will pay to itself or its agent so much money for its maintenance.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 3490, subsec. 22; Acts 1902, p. 147; Constitution, sec. 157; City of Ashland v. Culbertson, 103 Ky., 164; Combs v. Letcher County, 21 R., 1057; Black's Law Dictionary; Amer. & Eng. Ency. of Law, vol. 10, p. 399; Grant v. Davenport, 36 Iowa, 395; State v. Atlantic City, 9 Atl. Rep., 765; Smith's Commentaries on the Modern Law of Municipal Corporations, sec. 866.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On March 20, 1902, the board of council of the city of Shelbyville enacted the following ordinance:

"Be it ordained by the board of council of the city of Shelbyville, Ky.:

"Section 1. That the board of council of the city of Shelbyville, Ky., for and on behalf of said city accepts the proposition of Andrew Carnegie made to said city, namely: That he, Andrew Carnegie will give $10,000.00 for the purpose of erecting a free public library building on the condition that a suitable site be provided, and the city of Shelbyville guarantees by ordinance the sum of $1,000.00 annually for the support and maintenance thereof.

"Sec. 2. That there be and now is appropriated to the support and maintenance of the Shelbyville Free Public

Library the sum of $1,000.00 per annum; same to be paid in quarterly payments of $250.00 each to the treasurer as long as said library is in existence to be used only for the purpose of maintaining and supporting said Free Public Library.

"Sec. 3. That there be levied annually on all the property in the city of Shelbyville subject to taxation for city and county, a tax sufficient to provide each year for the aforesaid sum of $1,000.00.

"Sec. 4. This ordinance shall take effect and be in force on and after the first day of January, 1903."

Appellants, who are taxpayers of the city, filed this suit to test the validity of the ordinance; and, the circuit court having dismissed their petition, they appeal.

It is insisted for the city that, as no levy has been made under the ordinance, we have only a moot case, and there is no real issue before the court. While no levy has been made, the ordinance accepts on behalf of the city the proposition of Mr. Carnegie made to the city, and guaranties the sum of $1,000 annually for the support and maintenance of the library. Though the ordinance did not take effect until January 1, 1903, it created, if valid, an obligation on the city; and, if it was beyond the power of the council to pass the ordinance, taxpayers of the city may maintain an action to have it declared invalid. Roberts v. Louisville, 92 Ky., 97, 13 R., 406, 17 S. W., 216, 13 L. R. A., 844; Keith v. Johnson, 109 Ky., 491, 22 R., 947, 59 S. W., 487.

The authority of the council to legislate on the question is found in section 3490, subsection 22, Ky. St., 1903, which, among other things, confers on the board of council the following powers: "To erect a workhouse, poorhouse, station house and house of correction, or all or either of them, and to provide for the maintenance, regulation and govern-

ment thereof, and of the persons confined therein, and to provide, maintain and regulate a public burial ground; to establish, maintain and regulate a local public library, and raise subscriptions, donations and gifts thereto." It is insisted for appellants that the power to establish, maintain, and regulate a local public library is limited to the raising of subscriptions, donations, and gifts thereto, and that the council has no power to levy a tax for this purpose. But undoubtedly the council may levy a tax to erect a workhouse, station house, or house of correction, or to provide a public burial ground, and the power to maintain a local public library is as broad as its power to do the other things. The power to raise subscriptions, donations, and gifts is simply an additional power, and these words are not limitation on the preceding part of the sentence. By the act of March 21, 1902 (see section 3480a, Ky. St., 1903), the Legislature has further regulated the subject. But independently of that act and before its passage the council had power to establish and maintain a local public library by taxation.

Section 184 of the Constitution, among other things, provides: "No sum shall be raised or collected for education other than in common schools until the question of taxation is submitted to the legal voters, and the majority of the votes cast at said election shall be in favor of such taxation: provided, the tax now imposed for educational purposes, and for the endowment and maintenance of the Agricultural and Mechanical College, shall remain until changed by law." It is urged that taxes may only be levied for public purposes, and, if the tax under the ordinance is for a public purpose, it must be because a public library is for an educational purpose, and therefore the ordinance is void, because the question of taxation was not submitted to the legal voters.

While a public library is in one sense an educational agency, a tax to maintain a public library is not a tax for education, within the meaning of section 184. That section refers to education other than in the common schools, and means a tax in aid of a school, as shown by the concluding words above quoted. Board of Education of Covington v. Board of Trustees of Public Library, 68 S. W., 10, 24 Ky. Law Rep., 98.

Section 157 of the Constitution, among other things, provides: "No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void." It is insisted that the ordinance is invalid, under this section, because it creates an indebtedness exceeding the income and revenue provided for each year. On the other hand, it is insisted that the ordinance creates no indebtedness; that the library is maintained by the city, just as it maintains its fire department or police force; and that the cost of maintaining the library is simply a part of its annual running expenses. It is also insisted that it can not be now determined how long the library will run or remain in existence, and therefore it can not be told that any indebtedness beyond the first year's levy will be incurred. If the ordinance is valid, it obligates the city to appropriate to the library $1,000 a year. To fail to do so would be bad faith to Mr. Carnegie, who is to pay $10,000 on the faith of this agreement of the city. The case, therefore, does not stand like the fire department or the police, for, as to these, each council may make such levy as, in its judgment,

the best interests of the city require. But as to the library, under the ordinance, the $1,000 must be raised each year, although the council, when it comes to make the levy, might find it entirely unnecessary to levy so much. Nor do we see, that it can be maintained that the ordinance does not create an indebtedness, within the meaning of the Constitution. It creates an obligation beyond the revenue provided for the year by the act of the municipal authorities without the assent of the voters. The ordinance creates an obligation in advance upon the treasury of the city for each year of its existence after the year 1902. By this act of the council it proposes to bind all subsequent councils to levy a tax sufficient to raise $1,000 to support a library. If the council can do this, it can contract other obligations in advance, and thus entirely defeat the purpose of the constitutional provision, which is to require that the municipal authorities shall not in one year create obligations beyond the revenues provided for that year. See Beard v. Hopkinsville, 95 Ky., 239, 15 R., 756, 24 S. W., 872, 23 L. R. A., 402, 44 Am. St. Rep., 222; Richmond v. Powell, 27 S. W., 1, 16 Ky. Law Rep., 174; Shelbyville v. Shelbyville Water Company, 27 S. W., 85, 16 Ky. Law Rep., 176. The language of the Constitution is very broad—"become indebted in any manner or for any purpose." An obligation payable in future is no less a debt, within the meaning of this provision, than if payable at once. An obligation to pay which may be defeated by the happening of some contingency—as, in this case, the library ceases to exist—is certainly an obligation until the contingency happens. Such an obligation must fall within the words "indebted in any manner or for any purpose." The contingency upon which the city is to be released from the obligation may never happen, and it is plain that the contemplation of the parties is a permanent public library, to be

maintained permanently by taxation. If such an obligation is not within the interdiction of the constitutional provision, it is hard to understand what practical effect would be given to it, for there are few obligations that might not be so framed as thus to avoid its operation.

The city council may submit the matter to a vote of the people, and, with the assent of the voters as provided in the Constitution, may incur the obligation and levy a tax to maintain the library, but the present ordinance is void.

Judgment reversed and cause remanded for a judgment as herein indicated.

Response to petition for rehearing by Judge Barker:

There is nothing in the opinion to suggest the illegality of any appropriation made by the council of Shelbyville out of the annual revenue for the benefit of the public library. On the contrary, so far as this record shows, and as we are at present advised, such action, if any, was entirely valid.