## Billings v. The Bankers' Bond Company, et al.

(Decided June 1, 1923.)

### Appeal from Daviess Circuit Court.

Schools and School Districts—Contract to Pay Rentals for Seven Years and Then Receive Building Held Void Under Constitutional Provision Against Indebtedness in Excess of Revenue.—Constitution, section 157, prohibiting any municipality from incurring indebtedness in excess of the revenue provided for the year without the assent of two-thirds of the voters, which has been construed to invalidate a debt the total amount of which was more than the income, though the amount maturing in each year could be paid from the income of that year, invalidates a contract between the board of education and a contractor whereby the latter

was to erect a building for a school for which the board was to pay a stipulated rental for seven years, at the end of which time the contractor was to convey the building to the board, though the stipulated annual rental could be paid from the current revenues of the board.

CLEMENTS & CLEMENTS for appellant.

BEN D. RINGO for appellee board of education.

LAWRENCE S. LEOPOLD for appellee Banker Bond Company.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Only a few miles from Owensboro, in Daviess county, is the village of Thruston, from which all highways diverge. It is surrounded by a rich farming country; its citizenship is high class and especially ambitious for schools. The county board of education owns an eight-acre tract of land suitable for school purposes. It was acquired for the purpose of erecting thereon a school building of the size and requirements which the district believed was needed. As the cost was estimated at something like $50,000.00 it is easy to determine, under provisions of section 157 of the Constitution, that the funds were not available and could not be obtained except by a bond issue authorized by a two-thirds vote of the district. For some reason it was not thought best to submit the question to the voters. Thereupon the board of education entered into a contract with the appellees, Hagan & Potts, by which it was agreed in writing, as shown by exhibit "J," that the board of education would convey the building site to Hagan & Potts, who would erect thereon a school building according to plans and specifications at a cost of $40,000.00, and would in turn permit the board of education to pay for the school building an annual rental of thirteen semi-annual payments of $3,750.00 each and two semi-annual payments of $2,500.00 each. Out of this sum the said Hagan & Potts would either pay to, or permit the school board to retain $3,500.00 to be used for plumbing, heating and wiring said school building. When all the payments had been made in accordance with said contract then Hagan & Potts or their vendees would reconvey said property to the Daviess County Board of Education. It was also provided in the contract that in the event of default of any of the payments of any installment then the board of education could be compelled

by proper action to levy and collect such taxes as necessary to cover any payment defaulted. The board of education was likewise to pay all taxes on said land and improvements and to keep same insured in a sufficient amount to cover the unpaid installments.

Simultaneously with the making of said contract between the board of education and Hagan & Potts, the latter entered into a written contract with the appellee, the Bankers' Bond Company, by which it agreed to lend to Hagan & Potts the sum of $40,000.00 with which to carry out its contract with the board of education. Hagan & Potts agreed to secure this loan by deed of trust or mortgage on said school property to secure mortgage bonds to be issued and held by said Bankers' Bond Company evidencing said sum of $40,000.00. Various sections of the contract provided ample means of protecting the bond company in its loan, which was to be repaid to it by the semi-annual installments agreed to be paid by the board of education to Hagan & Potts as set out in contract marked "J." The contract between Hagan & Potts and the Bankers' Bond Company is marked exhibit "Q."

Appellant Billings is a patron and taxpayer of the consolidated school district in which the building is proposed to be erected. He sues for himself and all other patrons and taxpayers similarly situated, of which he avers there are many, to enjoin the board of education compelling contractors Hagan & Potts and the Bankers' Bond Company from carrying into effect any of the agreements and contracts above mentioned. The board of education filed its answer admitting practically all the averments of the petition. Affirmatively it pleaded that its income from various sources amounts to $126,900.00 per year and that of this amount $87,200.00 had been appropriated to other uses and that it would have on hands each year at least $29,700.00 with which to meet the semi-annual installments of $3,750.00 each, as they became due.

It is conceded that the erection of the school building in question is a necessity and this action is in the nature of a friendly suit for the purpose of testing the question and to have determined by this court whether or not the county board of education may provide for the erection of school buildings in the manner as set out in respective contracts. It is clearly shown by the answer of the board

of education that if a school building is to be erected upon the site already provided and paid for, the board of of education could not make a contract that would be legal or enforceable, for the reason that such a contract would exceed its annual income and be prohibited by section 157 of the Constitution, which provides that no county or taxing district shall be authorized or permitted to become indebted in any one year in an amount that would exceed the income and revenues provided for such year. This section has been construed by this court so often and in such a variety of cases that we deem it unnecessary to call attention to the various decisions relating to this subject.

The sole question presented is whether or not the contracts in question fall within the inhibition of this section, and whether or not the board of education has the legal right, in order to perform its duties and provide necessary school buildings to make and enter into such a contract as would appear to be a rental covering a period of years, the aggregate amount of which exceeding the revenue for any one year; it appearing that it could pay its annual installments and have a sufficient fund left out of its income to meet all of its obligations.

Construing section 157 of the Constitution we have repeatedly held that a debt created without the assent of the voters of a taxing district and payable annually through a period of years, was a violation of this section if the total amount of the indebtedness was more than the income for the year in which it was contracted, although the amount maturing each year could be paid by the income of that year. Ramsey v. City of Shelbyville, 119 Ky. 180; City of Covington v. McKenna, 99 Ky. 508; Beard v. City, 95 Ky. 239. This construction is rested especially on that part of the constitutional provision, *supra,* reading: "No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose, and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same."

In the case before us the appellees and no doubt the appellants, this being a friendly suit, are desirous of obligating the board of education of Daviess county for the sum of $50,250.00 for what they are pleased to call rents for school houses for a period of seven years, at which time the school building together with the lot which the board of education now proposes to convey to Hagan & Potts in fee simple.   If the indebtedness is created in the year 1923 and the board of education does not derive sufficient revenue this year with which to satisfy the entire indebtedness, all indebtedness "contracted in violation of this section (157) shall be void." Plainly the board of education is attempting to create an indebtedness of more than $50,000.00 this year, which it proposes to pay in installments through the next six years.   It does not matter when the indebtedness is to be paid if the revenues coming to the board in the year in which it is created is not sufficient to meet the obligation.  This constitutional provision can only be avoided—and this is not an unreasonable condition—by submitting the proposition of increasing the taxation for school purposes to the voters, and if as many as two-thirds thereof voting at the election held for that purpose, vote in favor of the bond issue, the funds from the sale of the bonds are available.   We have held that the full amount which can be raised by a levy is the test by which to determine whether an indebtedness exceeds the limit.  Providence v. Electric Light Co., 122 Ky. 237.

The plan adopted by the board of education in this case was indeed an ingenious one and seems quite harmless under the circumstances in this case, but if this court should so construe section 157 of the Constitution that this plan might be generally adopted by school districts the prohibition against municipalities and other taxing districts becoming indebted beyond the amount of revenue provided for such year without the assent of two-thirds of the voters would be stricken from our fundamental law, and no doubt it would lead to many excesses and extravagances against which the makers of the Constitution intended the people to be protected.

The trial court erred in sustaining a general demurrer to the petition of appellant and in dismissing his action. Judgment reversed for proceedings not inconsistent with this opinion.

Judgment reversed.