## Kenton County Fiscal Court et al. v. Richards.

June 12, 1942.

Gregory W. Hughes, William E. Wehrman and Woodward, Dawson & Hobson for appellants.

James C. Rogers for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The last session of the General Assembly enacted House Bill No. 93 providing that counties may acquire land for establishing airports within or without the limits of the county and erect such airports.

Pursuant to this act Kenton County appropriated $50,000 of available funds for the acquisition of a portion of a large tract of land in Boone County, adjoining Kenton, and has caused a holding company to be formed to acquire the remainder of the land, this being done because Kenton County does not have available funds to purchase the entire tract.

The fiscal court adopted a resolution by which it proposed to enter into a contract with the holding company pursuant to which the company is to purchase the remainder of the land and erect the necessary buildings and structures in connection with the Civil Aeronautics Authority of the Federal Government, which has designated northern Kentucky and southern Ohio as a location for a major airport and approved the site selected. An act of Congress requires a local government agency to furnish sites for such airports and provide a minimum of construction but the major expense of construction is

borne by the Federal Government operating through the Civil Aeronautics Authority. It is estimated that the ultimate eventual cost to the County will not exceed $250,000 and that federal funds of more than $1,000,000 will go into the project. The airport would be controlled by federal authorities subject to the right of the County to derive revenue therefrom.

The contract binds the County to pay the holding company an annual rental of $13,000 for twenty years out of the proceeds of operation but if such proceeds fall below $13,000 in any year the County is bound to appropriate sufficient funds to make up the deficit. Such a provision, of course, pledges the faith and credit of the County for payment of the aggregate rentals.

This action was filed by the appellee, John R. Richards, a citizen and taxpayer of Kenton County, against the fiscal court, the county judge, the county commissioners and the pro tem county judge to enjoin them from expending the $50,000 for the land and from entering into the proposed lease agreement. It was alleged that the County had no power to acquire for this purpose land located outside its borders and further alleged that the leasing agreement constituted the creation of a debt exceeding the income and revenue provided for the year without the assent of two-thirds of the voters at an election to be held for that purpose and was in violation of Section 157 of the Constitution.

Responding to the allegation of lack of authority to acquire land outside of the County, the appellants pleaded the authority conferred by House Bill 93. The answer denied the creation of an indebtedness exceeding the income and revenue provided for the year and further pleaded "that the proceeds of the operation of such an airport, as it verily believes, will be ample to sustain the lease requirements; that these proceeds should not only be sufficient therefor but should grow and multiply as the aviation industry grows; that said clause is purely contingent and indeterminate and no present liability exists and it is denied that it ever will exist."

The cause was submitted on the pleadings and the chancellor, being of the opinion that the County was without power to acquire the land outside its borders and that the leasing agreement amounted to a violation of Section 157 of the Constitution, enjoined the appellants

from proceeding further with the project. The appeal is from that judgment.

Clearly, the judgment could not be sustained if the only objection to the project was that the land proposed to be purchased was outside the borders of the County. Since the Legislature has provided that such land may be acquired for a project of the nature here involved, the legislative authority is all-sufficient unless it runs counter to some provision of the Constitution. We find no provision of the Constitution denying such authority. By the contemplated purchase under House Bill 93 the Boone County land does not become a part of Kenton County for general governmental purposes but remains a part of Boone. Kenton County merely becomes fee simple owner of the land just as does a municipal corporation purchasing land for water works or other city purposes beyond the city limits. It is clear, therefore, that the contemplated purchase violates no provision of Sections 63, 64 and 65 of the Constitution dealing with the formation and division of counties and the striking of territory therefrom.

But the judgment was correct in so far as it adjudged that the proposed leasing agreement would result in a violation of that portion of Section 157 of the Constitution prohibiting a county from becoming indebted to an amount exceeding, in any year, the income and revenue provided for such year without the assent of two-thirds of the voters voting at an election to be held for that purpose.

Beginning with Beard v. City of Hopkinsville, 95 Ky. 239, 24 S. W. 872, 23 L. R. A. 402, 403, 44 Am. St. Rep. 222, we have consistently held that a contract to pay an annual rental for a period of years is a creation of indebtedness for the aggregate amount of the rentals in the year in which the contract is made and, further, that where such an indebtedness would exceed the income and revenue provided for the year it may not be contracted without assent of two-thirds of the voters even though expected revenues from assessments or other charges are pledged for the payment of the annual rental installments and are anticipated to be sufficient for the purpose. See City of Covington v. McKenna, 99 Ky. 508, 36 S. W. 518; Ramsey v. City of Shelbyville, 119 Ky. 180, 83 S. W. 116, 1136, 68 L. R. A. 300; Billings v. Bankers' Bond Co. et al., 199 Ky. 490, 251 S. W. 643; Davis v.

Board of Education of City of Newport et al., 260 Ky. 294, 83 S. W. (2d) 34 and cases therein cited.

It is conceded that the aggregate rentals of $260,000 contemplated by the proposed leasing agreement would result in exceeding the income and revenue provided by the county for the current year if the $260,000 must be considered as a debt created during the current year. Clearly, therefore, the contemplated lease agreement runs afoul of Section 157 of the Constitution and the chancellor correctly enjoined its consummation.

Appellants' brief is replete with eloquent and persuasive argument as to the necessity of the airport as a vital unit in our defense system in the present emergency and such argument naturally tends to induce us to stretch every nerve and even the Constitution in a sympathetic endeavor to interpret the law in such a way as to uphold the contemplated plan. To uphold it, however, would result not merely in a stretching of the Constitution but in tearing it completely asunder. Obviously, it is incumbent on us to shun such a result and to impose on the county and its patriotic citizens some other method of financing the proposed plan.

Judgment affirmed.

Whole court, except Judge Ratliff, sitting.