**WARREN COUNTY FISCAL COURT et al.,
Appellants,**

**v.**

**WARREN COUNTY TUBERCULOSIS SANITORIUM CORPORATION et al.,
Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

Marshall Funk, Bowling Green, for appellants.

G. D. Milliken, Jr., Bowling Green, for appellees.

COMBS, Justice.

The Fiscal Court of Warren County has approved a plan for building a new tuberculosis hospital in the county provided the plan does not involve an illegal expenditure of public funds. A declaratory judgment suit was instituted to test the validity of the proposal and the chancellor approved it. This appeal is from that judgment.

The District Board of Tuberculosis Sanitorium Trustees for Warren County, heretofore organized under Chapter 215 of Kentucky Revised Statutes, is now operating a tuberculosis hospital near Riverside in that county. The Board has on hand $75,000 acquired from public taxes since 1951. It is shown by the record that the Board's present facilities are completely inadequate and that a new hospital for the

treatment of tuberculosis patients is badly needed.

The District Board has decided that a new hospital should be built at an estimated cost of $150,000. A contract has been entered into with the Warren County Tuberculosis Sanitorium Corporation, a non-profit body organized for the sole purpose of financing and constructing the new hospital. By the terms of the contract the non-profit corporation has agreed to buy a suitable tract for the hospital site; to build the hospital and then lease it to the District Board for a period of one year for the sum of $75,000, which is the amount the Board now has on hand. The District Board also has the option to renew the lease from year to year at an annual rental of $15,000 until the rental payments equal the cost expended on the project by the Corporation. The Corporation then is required under the contract to convey the property to the District Board at the Board's election. The contract further provides that the District Board is not obligated to expend for rentals, or otherwise, any sum in excess of the funds now on hand and the annual income for any single fiscal year.

The only question involved on this appeal is whether the contract between the Board and the Corporation is in violation of Section 157 of the Constitution of Kentucky. That section reads in part:

"No county * * * shall be authorized or permitted to become indebted * * * to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters * * * and any indebtedness contracted in violation of this section shall be void."

We have held that a lease for a fixed term of years creates a debt within the meaning of section 157 for the aggregate amount of the rentals, even though the amount of rent annually maturing is within anticipated revenue for the year in which it becomes due. Davis v. Board of Education of City of Newport, 260 Ky. 294, 83 S.

W.2d 34; Ramsey v. City of Shelbyville, 119 Ky. 180, 83 S.W. 116, 1136, 68 L.R.A. 300. It is noted, however, that the proposal involved here constitutes a lease for one year only, with an option in the District Board to renew the lease from year to year. The District Board is not legally obligated at any one time to pay more than one year's rent on the property. The option in the District Board to renew the lease does not amount to an indebtedness or liability. See Davis v. Board of Education of City of Newport, cited above; 38 Am.Jur., Municipal Corporations, section 467, page 148; Annotation, 71 A.L.R. 1318. The plan is not novel. It has been approved with minor variations in several opinions of this court. Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S.W. 498; Overall v. City of Madisonville, 125 Ky. 684, 102 S.W. 278, 12 L.R.A.,N.S., 433; Emmons v. Board of Education of Lewis County, 260 Ky. 18, 83 S.W.2d 849.

The proposal is similar in material respects to that part of the plan approved by this court in Booth v. City of Owensboro, 274 Ky. 325, 118 S.W.2d 684, but is without the objectionable features found to be present in that case. There, the city agreed to convey hospital property to a non-profit corporation which was to construct an additional hospital building from the proceeds derived from the sale of revenue bonds, with the city and county jointly leasing the property for one year, with exclusive option to renew the lease at a stipulated rental from year to year for 19 years. The non-profit corporation then was obligated to convey the property, either to the city or to the county, or jointly to them at their election. The case was reversed on another point but the court held the proposal outlined above did not create an indebtedness in excess of the constitutional limit even though the rentals were to be applied to amortize the bonds and the city and county had the option to obtain title to the property when the bonds were amortized.

Since we find no legal prohibition to the proposal submitted, the judgment is affirmed.