**E. P. SAWYER, County Attorney, Appellant,**

**v.**

**JEFFERSON COUNTY FISCAL COURT**
**et al., Appellees.**

Court of Appeals of Kentucky.

June 29, 1965.

Charles Speed Gray, Asst. County Atty., Louisville, for appellant.

Lucian L. Johnson, Louisville, amicus curiae.

Franklin P. Hays, Skaggs & Hays, Louisville, for appellees.

DAVIS, Commissioner.

This is a declaratory judgment action testing the validity of a contract, lease and option entered into by the Fiscal Court of Jefferson County and the Board of Education of Jefferson County. (Hereinafter we shall designate the parties as "County" and "Board.")

In general terms, the attacked agreement entitles the County to utilize for recreational purposes substantially all of the school buildings and properties now owned by the Board, or which may be acquired by the Board. The contract provides that the County shall pay to the Board an agreed rental of $700,000 for the year beginning July 1, 1965 and ending June 30, 1966. In the agreement is the familiar option authorizing the County to renew the lease for a period of one year at the same annual rental, at the end of the first year and at the end of each succeeding year in which the lease would be in effect. The County's permitted usage of the Board's facilities for recreational purposes is " * * * to the extent such use by the County does not in any way conflict with the operation of the school properties by the Board for educational purposes." The Board covenants to operate and maintain the properties while the agreement is operative and " * * * to use the revenues received from the annual rental payments made by the County only for the erection of classrooms and/or alteration and/or enlargement of existing facilities to provide additional classrooms and/or for the purpose of retiring, directly or through rental payments, school revenue bonds issued for such purposes * *" in order to eliminate the problem of "double sessions" and to further the health, safety and welfare of the citizens of Jefferson County.

The chancellor entered judgment sustaining the validity of the agreement, and so declaring the rights of the parties. This appeal challenges the judgment on three fronts: (1) The payment of rent by the County to the Board is an appropriation of funds in contravention of Section 179, Kentucky Constitution; (2) there is no express authority of law for the agreement between the Board and County, hence Section 162 of Kentucky Constitution prohibits the County's proposed expenditure; (3) the County's obligation under the agreement creates an invalid debt in light of Section 157 of the Kentucky Constitution.

Since 1944 the County and Board have jointly sponsored the Jefferson County Playground and Recreation Board. The validity of their activities in doing so was established in Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S.W.2d 406. The Board notified the County in February, 1965, that the Board's severely restricted financial situation would preclude the Board's continued participation in their jointly sponsored recreational program beyond June 30, 1965, terminal date of the current agreement. The agreement now under consideration was evolved as an effort to forestall the abandonment of the County's large-scale recreational program and as one means of alleviating the Board's admittedly difficult financial plight.

It is our view that the agreement between the County and Board does not run afoul of Section 179, Kentucky Constitution. The situation at hand differs materially from that presented in Board of Education of City of Corbin v. City of Corbin, 301 Ky. 686, 192 S.W.2d 951. In the Corbin case the city undertook to make an outright gift of $500 per month to the Board of Education as a means of supplementing the salaries of teachers in the schools of Corbin. This court struck down that proposed expenditure as violative of Section 179, Kentucky Constitution, since Corbin was undertaking to donate to a project in which it could not independently engage (public education), and from which it derived no benefit. The same may not be said of the case at bar. The County does have the express right to participate in a recreational program for its citizens. KRS 97.010 (1). The Board also is empowered to join with the County in furnishing recreational services. KRS 97.010 (2).

By the express terms of KRS 97.010 (1) the County is authorized to *lease* facilities to be used in recreational activities. We are unable to perceive any basis for holding that the County is forbidden to lease such facilities from the Board, so long as there is a good faith transaction as

opposed to a gift disguised as an arm's length contract. Evidence was heard below from two real estate appraisers who expressed the view that $700,000 is a reasonable rental for the Board's properties, in light of the high value of the leased facilities. There was no evidence to the contrary.

■ Section 162 of Kentucky's Constitution provides:

"No county, city, town or other municipality shall ever be authorized or permitted to pay any claim created against it, under any agreement or contract made without express authority of law, and all such unauthorized agreements or contracts shall be null and void."

By the terms of KRS 97.050 fiscal courts are authorized to expend public funds for recreational purposes. Even without the just cited statute, we think KRS 97.010(1) clearly imputes the authority to expend public funds for recreational activities. We find no merit in the contention that the proposed agreement contravenes Section 162, Kentucky Constitution.

■ Neither do we believe that the agreement creates an illegal indebtedness as condemned by Section 157, Kentucky Constitution. As noted, the agreement is limited to an obligation to expend $700,000 for one year only. It does afford an option to the County to renew, year by year, at the same rental, but the County is not legally required to so renew. There is an affirmative showing that the $700,000 rental payment for the first year is well within the income and revenue provided for that period by the County. The course set in Waller v. Georgetown Board of Education, 209 Ky. 726, 273 S.W. 498, and followed in innumerable decisions since, leaves no room for debate on the question at hand.

There lurks in this record an unbriefed matter which we note, but do not adjudicate. It is that portion of the agreement whereby the Board undertakes to earmark the rental payments for capital improvements. Whether this is valid presents questions we are not called upon to decide.

The judgment is affirmed.