Warren G. HOSKINS, Appellant,

v.

Charles Edward WILSON (Leslie County Judge Executive); Leslie County Fiscal Court; and Commonwealth of Kentucky, ex rel. Frederic Cowan (Amicus), Appellees.

No. 88–CA–1615–MR.

Court of Appeals of Kentucky.

Sept. 29, 1989.

Case Ordered Published by Court of Appeals Oct. 27, 1989.

Samuel Ernest Begley, London, for appellant.

Robert B. Craig, Ft. Wright, Phillip Lewis, Hyden, for appellees.

Nathan Goldman, Frankfort, for amicus curiae.

Before CLAYTON, HOWARD and WILHOIT, JJ.

CLAYTON, Judge.

This case is before the court as the result of a Leslie Circuit Court judgment of dismissal of a taxpayer's suit challenging the validity of a locally initiated bond issue. We affirm the trial court's ruling.

The Leslie Fiscal Court determined that a number of county roadways were in need of significant repair. In that the program of repair would require a great deal of expenditure, the problem of funding the project had to be dealt with.

The Leslie Fiscal Court decided to establish the Leslie County Public Properties Corporation, a nonprofit corporation, in order to effect the repairs. The Corporation would float a bond issue to fund the repairs. The Fiscal Court would turn over to the Corporation ownership of the roads in question. The Corporation would then "lease" back to the Fiscal Court the roadways in exchange for rental payments. The "lease" would be renewable on an annual basis at the option of the Fiscal Court. When the rental payments made by the Fiscal Court to the Corporation became sufficient to retire the bond issue, the Corporation would then reconvey the roadways back to the county.

In essence, this arrangement allowed the necessary funds to be raised to effect the repairs without incurring any debt by the county. It was the Corporation that would issue the bonds and, thus, the Corporation would strictly be liable for payment. True, the Fiscal Court's "rental" payments would be the only source of funds to retire the bonds. However, the Fiscal Court could not be legally forced to renew the lease arrangement.

Warren Hoskins, a taxpayer and the appellant herein, maintains that this arrangement is violative of the Kentucky Constitutional restrictions regarding debt limitations placed upon counties. Specifically, the taxpayer relies upon Section 157 of the Constitution which states, in part, "No County ... shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof...." That Constitutional section goes on with some specificity. Those specifics relate to the details of the election to be held, that any indebtedness contracted in violation of the section would be void and unenforceable and, finally, that the political subdivision involved in the transaction would be prohibited from assuming liability for the debt.

The taxpayer argues that the bond issue in controversy violates the Constitutional prohibition. It is argued that retiring the bond issue will in essence deplete the Fiscal Court budget for approximately twelve years. This is because the Fiscal Court will have no real choice when it comes to deciding whether to renew the lease with the nonprofit Corporation.

Because the debt incurred is not a debt of the county or enforceable against it in any way, the bond issue is valid. Analysis of the Constitution, the statutes and the pertinent case law applying to the facts in this situation explains why.

Without question, in the absence of a special election on the specific issue, Section 157 of the Kentucky Constitution prohibits a county from incurring a financial obligation larger than its annual budget. If the Leslie Fiscal Court could actually be held liable for the indebtedness incurred by the bond issue, the issue would undoubtedly be invalid.

The Legislature, however, has enacted KRS 58.180 authorizing the creation of nonprofit corporations which may act as instrumentalities of government agencies and political subdivisions in the financing of public projects. KRS 58.180(2) specifically states:

Any governmental agency may create a nonprofit corporation ... to act as the agency and instrumentality and the constituted authority of such governmental agency in the acquisition and financing of any public project which may be undertaken by such governmental agency pursuant to the provisions of Kentucky

law and thus accomplish a public purpose of such governmental agency. Such corporation, upon direction of such governmental agency, shall be authorized to issue its bonds, notes or other obligations on behalf of such governmental agency for the acquisition and financing of one or more public projects on behalf of such governmental agency, and may pledge for the amortization of such bonds, notes or other obligations all revenues derived from the operation of such public project or public projects, including specifically all revenues derived from the leasing of such public project or public projects directly to the governmental agency upon whose behalf and upon whose direction such bonds, notes or other obligations are issued. . . .

Ky.Rev.Stat. 58.180(1)(b) provides that "governmental agency" shall mean any division of the Commonwealth which is a municipal corporation, political subdivision of the Commonwealth or a body to which has been delegated the right to exercise sovereign power. Ky.Rev.Stat. 58.180(1)(a) includes "streets, sidewalks and other public ways, both vehicular and pedestrian" in its illustrative list of examples defining the term "public project." Clearly, the Leslie Fiscal Court had the authority to establish the Leslie County Public Properties Corporation for the purpose of funding road repair.

Although not in this exact context, the question of the validity of this type of bond issue or financing arrangement has been presented many times in the past to Kentucky's appellate courts. Although the cases deal with different statutes and the facts differ to some degree, the general rule has been that in those situations where the governmental body was to be directly and legally liable for any indebtedness incurred, the transaction was held to be unconstitutional. *Sawyer v. Jefferson County Fiscal Court*, Ky., 438 S.W.2d 531 (1969); *City of Corbin v. Johnson*, Ky., 316 S.W.2d 217 (1958). Where it was a "holding" corporation that was liable on the debt and the governmental body only made rental payments pursuant to a lease renewable at the government agency's op-

tion, the arrangement has been approved. *Blythe v. Transportation Cabinet of the Commonwealth*, Ky., 660 S.W.2d 668 (1983); *Dunn v. Marshall County Hospital District of Marshall County*, Ky., 543 S.W.2d 767 (1976); *Sawyer v. Jefferson County Fiscal Court*, Ky., 392 S.W.2d 83 (1965); *Baker v. City of Lexington*, Ky., 273 S.W.2d 34 (1954); *Warren County Fiscal Court v. Warren County Tuberculosis Sanitorium Corporation*, Ky., 272 S.W.2d 331 (1954).

Appellant makes the argument that this specific arrangement is invalid because the project being funded will generate no revenue other than the Fiscal Court's rental payments. Accordingly, the pressure on the Fiscal Court to renew the lease each year will preclude a real exercise of choice. Thus, the county's funds are in essence committed. It is a persuasive argument. That is not the point, however, on which this controversy turns. Rather, the determinative factor is whether the county can actually be held responsible for the debt in court. It may not. *See Blythe v. Transportation Cabinet of the Commonwealth, supra*, where a similar arrangement for road repair to be paid by "rental" payments from the state highway budget was held valid. Without going into unnecessary detail which would only serve to inordinately lengthen this opinion, it is sufficient to state that the Leslie Fiscal Court followed the statutory mechanism in setting up the nonprofit corporation. By avoiding any legal liability, the county has circumvented the Constitutional Prohibition contained in Section 157.

The judgment of dismissal of the Leslie Circuit Court is affirmed.

All concur.