### Kelly, et al. v. Jackson, et al.

(Decided January 23, 1925.)

### Appeal from Fulton Circuit Court.

1. Animals—Fiscal Court Authorized to Make Precinct Voting Unit More than Four Years After County was Made Unit, and Voters of Precinct had Right to Vote Thereon.—Under Ky. Stats., sections 4646, 4651, where more than four years had elapsed since fiscal court made county unit for voting on question of cattle running at large, it could make voting precinct unit for election on such question, and right was not affected by subsequent amendment of section 4646 by Acts 1922, chapter 124, and, where more than four years elapsed between elections, voters had right to vote thereon, notwithstanding order for precinct election was made less than four years after county election.

2. Animals—Presumed Order by Fiscal Court Correct and Made by Majority of Members as Stated Therein.—Where record showed that all members of fiscal court were present when order for stock law election was made, and order recited that it was made by majority of members, in absence of direct attack, order is presumed to be correct, and to have been voted for by majority.

BEN T. DAVIS for appellants.

HOLIFIELD, GARDNER & McDONALD and McMURRAY & McNEILL for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming in part and reversing in part.

In a proceeding begun by appellants, under the declaratory judgment act, it was adjudged in the court below that it was not unlawful for cattle or any species thereof, to run at large in Walnut Grove voting precinct No. 19, in Fulton county, Kentucky.

On August 31, 1917, a petition for a stock law election being then pending in the Fulton county court, the fiscal court of that county made an order in which it directed that the election should apply to the county as

a whole, and at an election held on November 6, 1917, the majority of the voters of Fulton county voted against cattle or any species thereof being allowed to run at large in Fulton county. On August 27, 1921, a petition was filed by more than twenty voters of Walnut Grove voting precinct No. 19, by which petition the Fulton county court was asked to make an order submitting to the voters of Walnut Grove voting precinct No. 19, at the following November election, the question whether or not cattle or any species thereof shall be permitted to run at large upon the unenclosed land and public highways of that voting precinct, and at the election held November 8, 1921, a majority of the voters of that precinct voted in favor of permitting cattle to run at large.

Notwithstanding this election, the appellants contest the right of cattle to run at large in said voting precinct, and this suit was begun to test that question. They contend that as a result of this election, the will of the voters of magisterial district No. 3, of which voting precinct No. 19 is a part, as well as the will of the voters of Fulton county as a whole, is set at naught. As more than four years had elapsed since the fiscal court made Fulton county the unit on August 31, 1917, it had on September 6, 1921, the right to make voting precinct No. 19 the unit for the election to be had that year. See section 4646, Kentucky Statutes.

The election in the county as a whole was had on November 6, 1917, and the election for Walnut Grove precinct No. 19 was held on November 8, 1921. As more than four years had elapsed between the two elections, the voters had a right to vote upon this question in this precinct. Section 4651, Kentucky Statutes.

At that time the fiscal court had the right to order an election in a voting precinct, and that right is not affected by the subsequent amendment of section 4646, which was passed in 1922. See chapter 124, Acts of 1922.

Appellants contend that the fiscal court, on September 6, 1921, did not, by a majority of the members composing same, decide that the election should be confined to the voting precinct; but in the order of the fiscal court, an official copy of which is in the record, the following appears:

"The court being advised from the petition, statements and law in the premises, decided by a vote of a majority of its members, ordered that the

sense of the voters of Walnut Grove voting precinct No. 19, Fulton county, Ky., only be taken.''

It appears from the record that the fiscal court of Fulton county is composed of the county judge and four magistrates, and that on September 6, 1921, they were all present and as the order recites that this order was made by a majority of the members, in the absence of a direct attack, the presumption will be that the order is correct, and that a majority did not vote as the order states. The contention of appellants that after the election of November 6, 1917, the fiscal court of Fulton county and the county court of Fulton county had no right, within four years thereafter, to make an order for an election, is without merit. Section 4651 provides that no election shall be held until after four years from the time the last vote was taken, but there is nothing to prevent the court from making an order within the four years, providing for an election to be held after the four years have expired. The court could not, until after the expiration of four years, have changed its order made August 27, 1917, fixing the county as the unit; but four years had elapsed when it did, on September 6, 1921, fix the precinct as the unit.

It therefore follows that it is now lawful for cattle, or any species thereof, to run at large in Walnut Grove voting precinct No. 19, Fulton county, Ky. The trial court properly so adjudged. In that respect the judgment is affirmed.

The trial court further adjudged as follows:

"It is further the order and judgment of the court as a binding declaration of the rights that in elections in any magisterial district or any entire county for the purpose of ascertaining the will of the voters of such district or county upon the question whether or not they wish cattle or any species thereof to run at large, legal voters living in incorporated towns or cities within such magisterial district or county shall not be permitted to vote upon such question.''

By the above the court undertook to decide a question that it was asked by an amended petition to settle for these parties. There is no suggestion that an actual controversy exists, it only appears to be a mooted neighborhood question. Courts are not provided for the set-

tlement of arguments or differences of opinion, but actual controversies involving legal rights. No election has been called; no one has any present right to vote on the question that any one is disputing. The amended petition presented only a moot question, and should have been dismissed. Axton, et al. v. Goodman, et al., 205 Ky. 382, 215 S. W. 382; Shearer v. Backer, 207 Ky. 450.

This part of the judgment is therefore reversed, with directions to dismiss the amended petition.