## Nichols et al. v. Rogers et al.
Dec. 11, 1942.

Samuel H. Cole for appellants.

Stoll, Muir, Townsend, Park & Mohney and S. Jewell Rice for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the fiscal court of Fayette County against the publisher of the newspaper having the largest circulation in the county and certain citizens as representatives of the Taxpayers' League, seeking a declaratory judgment as to the duty of the fiscal court with reference to the publication of a statement showing the financial condition of the county as required by KS, sec. 1846 (now KRS 68.070) or by KS, sec. 3747a-1 (now KRS 61.290), or by both of these sections.

It was alleged that the fiscal court had complied with KS Supp. 1938, sec. 938q-19 (now KRS 68.370) and was therefore under no duty to comply with section 1846 or section 3747a-1.

It was adjudged in substance 1) that section 1846 and section 3747a-1 were in full force and effect and were not modified, repealed or affected by section 938q-19, 2) that the fiscal court was required to publish a financial statement of the county at the end of each fiscal year pursuant to section 1846 and that the county treasurer was not required to publish such a statement pursuant to section 3747a-1 provided he certified as correct the statement published by the fiscal court. The fiscal court appeals from the judgment.

A written opinion was delivered by the chancellor in which elaborate and well-considered suggestions were made as to the form and contents of the statement to be published but these suggestions were not embodied in the judgment and, consequently, there was no adjudication as to the form and contents of the statement. The fiscal court attaches to its brief a copy of a financial statement published by it since the rendition of the judgment and we are requested to advise as to the sufficiency and propriety of the publication. However, it is only where an actual controversy exists that a declaration of rights may be made under the declaratory judgment act. Civil Code of Practice, section 639a-1 et seq. And no declaration should be made as to speculative rights or duties which may arise in the future but only as to rights and duties about which there is a present actual controversy. Shearer v. Backer et al., 207 Ky. 455, 269 S. W. 543. In the case before us the only actual controversy was as to whether the financial statement should be published at all—there was no controversy as to the form and contents of the statement. It is clear, therefore, that no declaration should be made as to the form and

contents of the statement or as to the sufficiency and propriety of the published statement.

Section 1846, which has been in effect, in substantially its present form, since the year 1860, provides that the fiscal court shall cause a statement of the county's financial condition to be published annually in a newspaper of the county. The general form and contents of the statement are prescribed.

Section 3747a-1 provides that every public officer of any county, city or district less than a county, whose duty it is to collect, receive, have the custody, control or disbursement of public funds shall at the expiration of the fiscal year cause a financial statement to be published *in the newspaper having the largest circulation in the county.* The section goes somewhat more into detail as to form and contents of the statement than does section 1846 and from its operation were excepted "counties containing a city of the first class or a county or city which by law is required to make quarterly publication of its fiscal and financial affairs."

Section 938q-19 was enacted in 1938 as a part of the County Debt Act and provides for quarterly publication by the clerk of the fiscal court at the courthouse door of a statement showing receipts from each county revenue source, the totals of encumbrances and expenditures charged against each budget fund, the unencumbered balance of the fund, any transfers made to and from the fund and such other information as the State Local Financial Officer shall prescribe.

If section 1846 were the only applicable section, as the lower court held it to be, there would be no further question confronting us since that section imposes the duty on the fiscal court to publish the financial statement without qualification or exception. It is the contention of appellant, however, that section 3747a-1 impliedly repealed section 1846 and that under the excepting clause (above quoted) contained in the former section no annual financial statement is required to be published as provided in the section. Thus is presented the question as to whether either one or both of the sections mentioned is applicable.

Were it not that the 1942 General Assembly reenacted both of the sections in the adoption of the Revised Statutes, thereby evidencing a legislative intent to

the contrary, we think there would be much force in appellant's position that section 3747a-1 repealed section 1846 by implication since it is apparent that the Legislature did not intend to require both the fiscal court and the county treasurer to publish the same financial statement. However, since both sections were re-enacted in the Revised Statutes, thus evidencing legislative construction that there was no such repeal by implication, and since the two sections are not wholly irreconcilable, it is clearly incumbent on us to hold that they are both now in effect and were in effect at the time the judgment in question was rendered and to construe them together. Construing the two sections together, therefore, it is our conclusion that pursuant thereto it is the duty of both the fiscal court and the county treasurer, acting in conjunction with each other, to publish the financial statement in the newspaper having the largest circulation in the county and in the more detailed method provided by section 3747a-1.

Such a construction, of course, treats section 3747a-1 as the dominant section. That the 1942 General Assembly so regarded it is indicated by Chapter 89 of the Acts of 1942, providing that copies of the newspapers in which are published the financial statements required by section 3747a-1 shall be filed with the Auditor of Public Accounts. This Act omitted all reference to section 1846 yet we should not attribute to the Legislature the incongruous intent that newspaper copies of the county statement, the most important of all, should not be filed with the Auditor while those of lesser units should be. Manifestly, the 1942 Act referred to evidenced legislative construction that financial statements of the county were required to be published according to section 3747a-1. The anomolous situation outlined affords, we think, a logical basis for a construction of the two sections together as indicated above.

This brings us to the contention of appellant that the excepting clause (quoted above) contained in section 3747a-1, relieved it of the duty to publish the financial statement for the reason that section 938q-19, enacted in 1938, required it to make quarterly publication of its fiscal and financial affairs thereby bringing it within the terms of the excepting clause.

Appellant cites an unpublished opinion rendered by Judge Rees in 1936, in deciding a motion for a tem-

porary injunction, concurred in by the whole court (a copy of the opinion being attached to the brief) in which it was held that section 1851c-8 did not operate to relieve the fiscal court and the treasurer from making the publication required by sections 1846 and 3747a-1. It is then argued, that the General Assembly of 1938, in enacting section 938q-19, must have known of this decision and must be held to have enacted the latter section in the light thereof and for the purpose of removing the necessity of annual publication by the county of the detailed financial statement.

We are of the opinion, however, that neither of the proposition is sound. There is no presumption that the General Assembly acted in the light of an unpublished opinion of a judge of this court delivered in deciding a motion to dissolve a temporary injunction. Such an opinion is not binding on this court even in the particular action in which it was rendered—the decision may be changed on final trial on the merits. Its only effect is on the particular temporary injunction then in question and it is in no sense binding on this court as an authority. No presumption will be indulged that the Legislature acted in the light of such an opinion. Further, section 938q-19 was enacted as a part of the County Debt Act and is, in substance, a repetition of Section 1851c-8 (which was held by Judge Rees in the opinion cited by appellant *not* to relieve the fiscal court of the duty of publishing the financial statement). The General Assembly, when section 938q-19 was enacted, evidently overlooked the fact that substantially the same provision was made by section 1851c-8. That the two sections were in substance identical was recognized by the General Assembly of 1942 in adopting the Kentucky Revised Statutes, since section 1851c-8 was omitted either because it was redundant or because it was repealed by implication by section 938q-19. There was no intention on the part of the Legislature in enacting section 938q-19 to dispense with the publication of the financial statement required by sections 1846 and 3747a-1. The excepting clause in the latter section was intended only to except counties which were then, or might thereafter be, required to publish quarterly financial statements *of the kind and character being dealt with by the section itself*. When section 3747a-1 was enacted counties containing a city of the first class were required by section 1851b-4 to publish quarterly financial statements of the kind being dealt with

in the section and, obviously, a further requirement of publication of an annual statement would have been superfluous—hence the exception (which was also made broad enough to include counties that might thereafter be required to publish quarterly statements).

Section 938q-19 merely provided for publication at the courthouse door of a statement showing receipts from each county revenue source, encumbrances and expenditures charged against each budget fund and the unencumbered balance of such funds and was for the obvious purpose of enabling the public to ascertain whether the budget balance was being exceeded. Such statements afford no information from which the legality of any particular claim could be determined. Clearly, the statements mentioned in section 3747a-1 and section 938q-19 were of a different kind and character and designed for a different purpose and publication of the statement required by the latter section does not operate to dispense with publication of the annual statement required by the former section.

The chancellor correctly adjudged that the duty was on the fiscal court to publish the statement. That was the only question really involved before the chancellor and the further declarations made by him may be regarded merely as the reasons given by him for his conclusion. Since the treasurer was not a party, we are not authorized to direct the entry of a judgment declaring it to be his duty to publish the statement in conjunction with the fiscal court.

Judgment affirmed.