## Elrod v. Willis, Governor, et al.

December 17, 1946.

Rehearing denied Feb. 14, 1947.

James W. Blackburn, Jr., for appellant.

Eldon S. Dummit, Attorney General, and Ben B. Fowler, Assistant Attorney General, for appellees Governor and others.

Joseph J. Leary, Thomas K. Shuff, Guthrie F. Crowe and Henry J. Stites for appellee MacDonald.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Judgment in accordance with opinion.

The General Assembly, in its 1946 session, c. 57, enacted KRS 36.060 creating the Kentucky Disabled Ex-Service Men's Board and prescribing its duties. The primary function of the Board is to prepare, present, and prosecute claims of disabled service men and women and their dependents with the United States Veterans Administration and other Federal agencies. These services will be rendered by the Commonwealth without charge to the applicants. The members of the Board shall receive no compensation for their services, but shall be entitled to reimbursement for their expenses in the performance of their duties. The Act provides that the members of the Board shall be appointed by the Governor from a list of five names to be submitted to the Governor by the Commander of the American Legion, Department of Kentucky, after it shall have been approved by the Executive Committee of the American Legion, Department of Kentucky. On July 1, 1946, the Governor appointed W. E. Akin, James T. Norris, and W. S. Taylor to membership on the Board. The name of each of the appointees appeared on a list submitted in accordance with the aforesaid provisions of the Act.

On July 5, 1946, appellant, Buron R. Elrod, filed his petition in equity under the provisions of the Declaratory Judgment Act, 639a, Civil Code of Practice. He brought the suit in his capacity as a citizen and taxpayer of the Commonwealth against the Governor, Commissioner of Finance, and the individual members of the Board. He alleged that the Commissioner of Finance, in his official capacity, has refused to approve the advancement of, or to draw a warrant for, the funds appropriated for the use of the Board. He prayed that so much of KRS 36.060 as limits the Governor in making appointments to a list submitted by the officers of the American Legion be declared to be unconstitutional.

On August 19, 1946, appellee, Robert L. McDonald,

filed an intervening petition and separate answer, wherein he alleged that he is a disabled veteran of World War II, and that the Veterans Administration has declared his disability to be thirty per centum of total, whereas, in fact, it is one hundred per centum. He alleged that he and approximately one hundred thousand other disabled veterans require the services of the Board to assist them in obtaining disability benefits from the Veterans Administration; that at present they are wholly without representation before the Veterans Administration, and this condition will continue until the Board is allowed to function. His pleading contains representations as to the size and importance of the American Legion and its ability to represent disabled veterans. He prayed the Court to enter judgment declaring Akin, Norris, and Taylor to be the legal members of the Board and that the provision limiting the Governor in making appointments to a list submitted by the officers of the American Legion be declared to be constitutional. As consequential relief he asked that a mandatory injunction issue requiring the Commissioner of Finance to authorize the payment to the Board of the funds appropriated for the purpose of carrying out the provisions of KRS 36.060. Appellant objected to the filing of the intervening petition; the objection was overruled and MacDonald was permitted to intervene. The intervening petitioner did not cross-petition against the original defendants; the original defendants demurred to the original petition; the demurrer was sustained and judgment entered dismissing the petition "* * * on the ground that the provision of the Act, to which petitioner objects, is a valid and constitutional Act of the General Assembly * * *." Appellant alone excepted to the judgment and prayed an appeal, which was granted.

In so far as pertinent, Civil Code of Practice, Section 639a—2 provides that any person whose rights are affected by statute may apply for and secure a declaration of his right or duties, provided always that an actual controversy exists with respect thereto. The only part of KRS 36.060 about which a declaration is sought is a provision in which a taxpayer, as such, has no interest. A taxpayer has an interest in the expenditure of public funds; but the funds appropriated by the Act in question will be spent, irrespective of the personnel ap-

pointed to carry out the provisions of the Act. The petition does not allege that the members of the Board are fraudulently, or otherwise, wasting the funds appropriated. It is apparent, therefore, that appellant has no right which is affected by the provision he has attacked in his petition. The intervening petitioner, however, does have a right which may be affected by the Statute, in that he is entitled to the services provided for in his attempt to raise the finding of the Veterans Administration in respect to the percentage of his disability; but he did not join issue with his co-defendants; he merely joined issue with appellant, who has no right under the Act; therefore, an actual controversy has not been raised in this case by proper parties. Undoubtedly, the Governor and his appointees consider the provision in controversy to be constitutional, because the Governor has made the appointments and his appointees have entered upon the duties of their offices. It appears from appellant's petition that the Commissioner of Finance will not authorize the expenditure of the sums appropriated to carry out the provisions of the Act. From this we infer that he considers the Act to be unconstitutional, or at least officially questions its constitutionality. If that is the position he would take in the matter, the actual controversy would be between the intervening petitioner, the Governor and his appointees on the one hand, and the Commissioner of Finance on the other; but the pleadings in this case do not raise an issue between these parties; therefore, neither the Chancellor nor we have jurisdiction to declare the rights of the parties. Revis v. Daugherty, Atty. Gen., 215 Ky. 823, 287 S. W. 28; Commonwealth et al. v. Crow et al. 263 Ky. 322, 92 S. W. 2d 330. Upon return of the case, the judgment will be set aside and the Chancellor will permit the parties to amend their pleadings if they so desire.

The case is remanded to the Franklin Circuit Court for proceedings not inconsistent with this opinion.