Shirley **TREADWAY** et al., d/b/a Vanland-
ingham & Treadway et al., Appellants,

v.

Lillius Cleo **RUSSELL** et al., Appellees.

Court of Appeals of Kentucky.

Feb. 22, 1957.

Glenn H. Stephens, Williamsburg, Her-
man Tye, Barbourville, Herman E. Leick,
Corbin, for appellants.

C. B. Upton, Joe S. Feather, Williams-
burg, for appellees.

CLAY, Commissioner.

This suit was brought by the contractors
on a street construction project in Corbin to
have declared a street improvement lien,
in the amount of approximately $2,000
with penalty and interest, against the prop-
erty of defendants Arnold. The basis of
plaintiffs' claim was that the Arnolds fraud-
ulently conveyed a narrow, valueless strip
of their four acre tract abutting Mitchell
Street to avoid the street assessment. The
Chancellor entered judgment for the de-
fendants.

■ There was very substantial evidence
in support of plaintiffs' claim, and on the
merits we are inclined to the view that
they were entitled to judgment. However,
we may not grant plaintiffs the relief sought
because of the absence of an indispensable
party.

On December 27, 1949, defendants Ar-
nold conveyed a 240 foot strip of land front-
ing on Mitchell Street to one Monroe Li-
ford. This was at a time when the possible
improvement of Mitchell Street was im-
minent. About a year later Liford con-
veyed this strip to defendant Russell. Plain-
tiffs made Russell a party defendant but
did not join Monroe Liford. A necessary
objective of this suit is to cancel the deed
from defendants Arnold to Liford.

Obviously Liford is an indispensable par-
ty to this litigation. See Clay, CR 19.01,
Comment 2; Buckner v. Clay, 306 Ky. 194,
206 S.W.2d 827; 39 Am.Jur., Parties, Sec-
tions 35, 36.

■ As a defense, this objection could
have been raised under CR 12.02, but it is
not waived. CR 12.08. The defect is more
than a defense, because even by default, no

proper judgment could be entered for plaintiffs cancelling the deed to Liford when Liford was not a party to the suit.

In Flynn v. Brooks, 70 App.D.C. 243, 105 F.2d 766, a similar question was presented in a suit to cancel the assignment of an insurance policy. It was there held that it was the duty of the appellate court, even where the point had not been raised in the court below, to reverse and remand the case where an indispensable party was not joined. See Faulkner v. Terrell, Ky., 287 S.W.2d 409.

The motion for appeal is sustained, and the judgment is reversed with directions to permit the joining of indispensable parties and for further appropriate proceedings.