**CITY OF CORBIN, Kentucky, et al.,**
**Appellants,**

v.

**J. D. JOHNSON, Individually, et al.,**
**Appellees.**

Court of Appeals of Kentucky.

July 11, 1958.

As Modified on Denial of Rehearing

Oct. 17, 1958

**218**

Herman E. Leick, Corbin, for appellants.

Franklin P. Hays, Skaggs, Hays & Fahey, Louisville, for appellees.

STANLEY, Commissioner.

This is an action by the City of Corbin and the Corbin Industrial Building Corporation against J. D. Johnson, as a representative taxpayer, for a declaratory judgment to the effect that a proposed plan for relieving serious unemployment in the City will be for a public purpose and that bonds proposed to be issued by the Corporation will be legal and valid.

The complaint describes the plan as being that the City will deed certain property which it owns to the Corporation and the Corporation will issue $75,000 of bonds secured by a mortgage on the property and use the proceeds "for the acquisition, remodeling and improvement of such property." The Corporation will lease the property to the City for the period of one year with an option to renew the same from year to year for a period of years at such rentals as will be sufficient to retire the principal and interest of the bonds.

Filed with the complaint are carbon copies of three uncompleted instruments, namely: (1) a proposed deed which describes the land, on which it is stated there is a partially completed building and which contains the substance of the proposed plan; (2) a "Mortgage Deed of Trust" to be executed by the Corporation to a trustee, which describes the bonds proposed to be issued; and (3) a proposed "Contract, Lease and Option," which would obligate

the Corporation to issue the bonds, remodel and improve the property to be conveyed to it and lease the property to the City as above described.

Other than the setting up of the dummy corporation, or, more politely speaking, the holding corporation, nothing has been done beyond the planning stage. The City has passed no ordinance or otherwise committed itself officially to the plan. And it is only hoped that some industry would be induced to sublease the property from the City and use it during the twenty-year life of the bonds and thereby reduce unemployment in the city.

The defendant, represented by a Louisville attorney, entered his appearance and traversed the legal conclusions of legality and validity of the proposed plan. Evidence was heard showing a serious condition of unemployment in and around Corbin. The Mayor of the city testified: "The type of structure we will have on completion of this building and the negotiations that we have and have had we hope to induce a factory who would employ from 200 to 400 people."

Prefacing his opinion analyzing the proposed scheme, the trial court said: "This is a friendly law suit—entirely too friendly. In fact there has been nothing presented that would in any way in good faith show there was a controversy between the parties. While the defendant is allegedly represented, and is on record as resisting the proposed bond issue, no authority has been cited; nor has any defect in the record or proceeding been commented upon that is calculated to present any controversy."

■ The court, as a matter of discretion, might well have dismissed the complaint without entering a declaratory judgment, for it did not appear that "an actual controversy" existed between the parties and because the decision would be almost, if not altogether, advisory, academic and abstract, since the case was upon an indefinite and hypothetical state of facts which may

never become real. KRS 418.040, 418.065; Nichols v. Rogers, 292 Ky. 428, 166 S.W.2d 867; Board of Education of Berea v. Muncy, Ky., 239 S.W.2d 471. As stated in Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 240, 97 L.Ed. 291:

"While the courts should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions, especially in the field of public law. A maximum of caution is necessary in the type of litigation that we have here, where a ruling is sought that would reach far beyond the particular case."

Here, on the appeal, the appellants' brief is confined to the point that the "holding company plan" may be used by the City of Corbin to acquire and construct an industrial building. The appellees' brief is one of form only. It merely traverses the contention.

The trial court did in effect adjudge that the holding company scheme is not a legitimate method for acquiring a facility of this character. It has been held in a number of cases to be a proper method of financing the acquisition of public buildings. Baker v. City of Lexington, Ky., 273 S.W. 2d 34, and cases cited therein. We reserve a decision upon this question generally as to types of projects not heretofore specifically approved, although we may note that the legislature, by an Act of 1946, now KRS 103.200–103.280, has provided a statutory method by which a city may acquire an industrial plant in order to relieve conditions of unemployment. See City of Henderson v. Todd, Ky., 314 S.W.2d 948. The plan proposed in the case at bar seems to be based upon a combination of the plan provided by Ch. 58, KRS, for the financing of a "public project" and of the court approved means of using a "holding company."

**220**

Putting aside the uncertain and ethereal nature of the proposed scheme, we agree with the trial court that if it should become operative, the scheme would be illegal. The record reveals the plan set up in the several instruments proposed to be executed would obligate the City of Corbin to pay an annual rental as the option may from year to year be automatically renewed out of the revenues it might obtain from an industry as its sublessee. While the contemplated lease specifies that nothing therein shall be construed as binding the City for the annual rentals beyond the current year, there is no such limitation upon the other obligations the City would be assuming. In addition, the City would obligate itself (1) to pay all taxes assessed against the property; (2) to pay all income and ad valorem taxes which the Corporation would refund to the bondholders; (3) to pay premiums upon fire and windstorm insurance; (4) to furnish $6,000 in cash prior to or at the time the bond proceeds might be received from the purchaser of the bonds; (5) to take good care of the property and in the event of its destruction, to continue its obligations of paying the annual rentals; and (6) in event of destruction to reconstruct the building.

Moreover, the City would enter into a pledge that to fulfill all its obligations under the lease contract it would use, to the extent necessary, all surplus revenues it may have or would obtain from its municipally owned electric system not already required by contract or by law to be used, and also to apply to the same purposes "all other funds or tax revenues available for general purposes of the City and not required by contract or by law to be devoted to some other purpose." The use of such revenues is authorized by KRS 58.130 where a "public project," defined in KRS 58.010 may be financed under that statute. Such revenues cannot be applied to the acquisition by a city of an industrial plant under either the "holding company plan" or under the terms of KRS 103.200–103.-280. Henderson v. Todd, supra.

It seems to us that this proposed scheme would be beyond the powers of a municipality to enter into a contract with a private corporation for the joint acquisition and operation of a public enterprise (Booth v. City of Owensboro, 274 Ky. 325, 118 S.W.2d 684) and would also in many particulars violate the constitution and statutes relating to the obligations and commitments by a municipality of future revenues, or even revenues for the current year, for it is not shown that the sums pledged will or would be available without plunging the city into a maelstrom of illegal debt. The trial court so held.

The judgment is affirmed.

BIRD, J., not sitting.