Bernard F. VEITH et al., Appellants,

v.

CITY OF LOUISVILLE et al., Appellees.

Court of Appeals of Kentucky.

Jan. 26, 1962.

Dissenting Opinion Feb. 16, 1962.

Richard H. Nash, John A. McCrea, Louisville, for appellants.

Eugene Alvey, Herman Frick, Louisville, for appellees.

CLAY, Commissioner.

Appellants are respectively the comptroller and accountant of the City of Louisville. This injunction suit was brought against them by the City of Louisville and three of its employees. The controversy arose when appellants refused to countersign salary checks payable to the appellee employees on the ground that the payment would violate the salary limitation of $7200 fixed by KRS 64.620. The supplementary salary involved was authorized by a 1961 ordinance of the City of Louisville.

The Chancellor ordered appellants to countersign the checks and the appeal is from that judgment. It was based on the Chancellor's determination that the legal issue involved had been theretofore decided by a judgment in another proceeding before

the Jefferson Circuit Court, from which no appeal was taken, and the matter was res judicata. The effect of that prior judgment is the first problem before us.

KRS 64.620 provides that (except for the mayor of a city of the first class) compensation of any officer or employee of a city "shall not exceed the constitutional limit for officers, which is $7,200 per annum". In Board of Education of Graves County v. De Weese, Ky., 343 S.W.2d 598 (which did not involve the foregoing statute), we held the word "officer" as used in Section 246 of the Constitution, which fixes their maximum compensation, was restricted to those officers directly named and designated in the text of the Constitution. Somehow conceiving that this decision had the effect of abolishing all statutory salary limitations upon public employees, the Board of Trustees of the Louisville Free Public Library (an agency of the City of Louisville) passed a resolution July 10, 1961 increasing the salary of its Director, Clarence Graham, to $10,755.

Thereafter a taxpayer, Walter Redmon, filed a suit in the Jefferson Circuit Court against the Louisville Free Public Library, the City of Louisville, and the Boards of Education of Louisville and Jefferson County. The suit was in the form of an agreed case under KRS 418.020 and sought a declaration of rights. While apparently the real controversy involved the right of the Director to be paid the increased salary under the resolution of the Library Board, the "agreed statement" of the case posed the larger and more general question of whether or not KRS 64.620 imposed any limitation upon the payment of salaries to officers or employees by the City, the City Board of Education, or the County Board of Education. (The Library Director, Mr. Graham, who obviously was a real party in interest, was not joined in the suit.)

In that suit the Chancellor did not adjudicate the validity of the Library Board resolution or the rights of Director Graham, but made a sweeping declaration that Section 246 of the Kentucky Constitution, KRS 64.600 and 64.620 (in the light of Board of Education of Graves County v. De Weese, Ky., 343 S.W.2d 598) "imposed no limitations on salaries paid to the officers and employees of the defendants and those similarly situated, except the salary of the mayor of the City of Louisville". No appeal was taken from this judgment.

In the present case the Chancellor decided that the foregoing judgment was res judicata with respect to the present proceedings; that all parties were bound by it; that the appellee employees were therefore entitled to the supplementary salaries allowed by the City ordinance; and appellants should be ordered to make the payment by countersigning the checks.

■ The first contention made by appellants is that the former judgment in the suit of Redmon v. City of Louisville, et al. is void because it involved the validity of a statute, and in such cases KRS 418.075 requires that the Attorney General be served with a copy of the petition. We find it unnecessary to pass upon this ground because in our opinion the former judgment was ineffective to bind anyone as a matter of res judicata or otherwise for two reasons: (1) In the alleged controversy between the plaintiff taxpayer and the Library Board there was a failure to join an indispensable party, and (2) there was no justiciable controversy between the plaintiff and the City of Louisville and the two Boards of Education.

With respect to reason (1), the only real controversy set forth in the agreed statement involved the legal right of the Library Director to the increased salary allowed by the resolution of the Library Board. No proper judgment could be entered without affecting his interest. He was clearly an indispensable party with respect to this controversy. See Buckner v. Clay, 306 Ky. 194, 206 S.W.2d 827; Treadway v. Russell, Ky., 299 S.W.2d 245; Clay, CR 19.01, Comment 2.

To make this proposition absolutely clear, we need only ask this question: In the absence of Director Graham as a party to the suit, could the court have entered an effective judgment *denying* him the right to receive the salary fixed by the resolution of the Board of Trustees? Since the Director was the principal party in interest and no judgment in the suit could be binding upon him, it was not binding on the other parties. See 30A Am.Jur., Judgments, Section 392 (page 440); Henderson County v. Henderson Bridge Co., 116 Ky. 164, 75 S.W. 239, 105 Am.St.Rep. 197. In any event, if the judgment could be construed as effectively deciding the validity of the Library Board resolution, it cannot be given the authoritative force of finally determining prospective legal rights of other parties who were not affected by such resolution.

Turning to reason (2) set out above, it is obvious on the face of the agreed statement and on the face of the judgment that no actual, or real, or justiciable controversy existed between the plaintiff, a taxpayer, and the City of Louisville or either of the Boards of Education. None of these defendants had taken any action to create or deny anyone's rights. The only pertinent allegation in the agreed statement is that the City and the Boards of Education were proposing to raise the salaries of some of their employees above $7200.

Nothing specific is alleged concerning when such action may be taken, who will benefit thereby, or what will be the form of the increased allowance or the amount thereof. As we shall see, the possible development of a legal issue sometime in the future is too remote to constitute a real controversy. The matter presented for adjudication between these parties consisted of no more than an academic dispute concerning certain general legislative or executive powers of the defendants. The sweeping language of the judgment demonstrates that no one's rights were being finally adjudicated but that the court was rendering an advisory opinion on a hypothetical question.

█ The declaratory judgments act (KRS 418.040–418.085) was held constitutional on the specific ground that the court would be exercising a judicial power only if, in making a binding declaration of rights, it was deciding a justiciable controversy. Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S.W.2d 481. In that case we said (page 483 S.W.):

"The court will not decide speculative rights or duties which may or may not arise in the future, but only rights and duties about which there is a present actual controversy presented by adversary parties, and in which a binding judgment concluding the controversy may be entered."

This rule has been consistently recognized and applied. See Axton v. Goodman, 205 Ky. 382, 265 S.W. 806; Shearer v. Backer, 207 Ky. 455, 269 S.W. 543; and Nichols v. Rogers, 292 Ky. 428, 166 S.W.2d 867. Clearly the court cannot conclude a nonexistent controversy.

█ It has been held that a court does not have *jurisdiction* to decide a question unless there is a real or justiciable controversy involving specific rights of particular parties. Revis v. Daugherty, 215 Ky. 823, 287 S.W. 28; Commonwealth ex rel. Winchester v. Winchester Water Works, 303 Ky. 420, 197 S.W.2d 771; Elrod v. Willis, 303 Ky. 724, 198 S.W.2d 967.

█ The court may not declare prospective or future rights, unless there is an existing state of facts upon which those rights may be fixed. 16 Am.Jur., Declaratory Judgments, Section 18 (page 292); 87 A.L.R. 1215. For example, in Kelly v. Jackson, 206 Ky. 815, 268 S.W. 539, a declaratory judgment proceeding was brought to determine certain rights arising out of a stock law election. The court determined the principal controversy. The

court then went on to make a purportedly binding declaration of rights, determining who would be legal voters in future elections. With respect to this part of the judgment it was said (page 540 S.W.):

"By the above the court undertook to decide a question that it was asked by an amended petition to settle for these parties. There is no suggestion that an actual controversy exists. It only appears to be a mooted neighborhood question. Courts are not provided for the settlement of arguments or differences of opinion, but actual controversies involving legal rights. No election has been called. No one has any present right to vote on the question that any one is disputing. The amended petition presented only a moot question, and should have been dismissed."

Similarly in City of Covington v. Sohio Petroleum Company, Ky., 279 S.W.2d 746, the parties had alleged that an actual controversy existed over the right of a municipality to discontinue water service to consumers outside the corporate limits. In the opinion it was observed (page 750 S.W.):

"There was no actual controversy presented concerning the right to discontinue services on which a binding judgment could be rendered. The court should not be called upon to decide speculative rights or duties which may or may not arise in the future. Appellant urges that this question should be passed upon now because 'the ripening seeds of controversy are present' and in order to prevent future litigation. The condition precedent to a declaration of rights is the existence of an actual controversy respecting a justiciable issue, rather than a prospective controversy."

Under the foregoing authorities it seems clear the former lawsuit between the taxpayer and the City and the Boards of Edu-

cation lacked the essential element of a justiciable controversy. In no sense were the rights of the plaintiff and those defendants in conflict because there existed no status out of which a legal controversy could arise. No action had been taken by the City or the Boards of Education which changed or affected anyone's pre-existing rights (as did the resolution of the Library Board in that case and the ordinance in the present one). Between these parties there was no grist for the judicial mill.

Whether or not the judgment in the case of Redmon v. City of Louisville et al. was void, we are forced to the conclusion that it did not constitute an effective and binding adjudication of any issues raised in the present suit (which are real), and consequently it could not support a plea of res judicata. There are other reasons why this is so but we need not discuss them.

■ While the Chancellor did not consider this case on its merits, we believe the public interest demands a determination of the clearcut issue presented. It is whether or not KRS 64.620 fixes a statutory limit of $7200 on the compensation lawfully payable by the City to the individual parties plaintiff, who are its officers or employees. The statute reads as follows:

"With the exception of the office of mayor of any city of the first class, the compensation of any officer or employe of a county, city, political subdivision, local governmental unit or district, or of any city or county board or commission, or combined city-county board or commission, for services rendered in one or more offices or positions of employment, *shall not exceed the constitutional limit for officers, which is $7,200 per annum,* provided, however, that nothing herein contained shall apply to any officer or employe exclusively engaged in performance of a proprietary function for any of such governmental units." (Our emphasis.)

The limitation fixed by this statute is clear. The argument that it does not mean what it says is based upon our opinion in the De Weese case (Board of Education of Graves County v. De Weese, Ky., 343 S.W.2d 598). That opinion did not involve this statute. We did specifically point out therein that except for constitutional officers, salary restrictions, if any, were to be determined by the legislature and attention was called to *the legislative restrictions* imposed by KRS 64.480 to 64.-760 (which includes KRS 64.620). To the extent pertinent here, that opinion simply defined "officers". It did not purport to construe or repeal salary limitations fixed by the legislature.

For the foregoing reasons the defendant should not have been ordered to perform any acts in violation of the law.

The judgment is reversed on the issues discussed in this opinion.

MOREMEN and WILLIAMS, JJ., dissent.

MOREMEN, Judge, with whom WILLIAMS, Judge, joins, dissenting.

In the opinion it is stated that the former judgment was ineffective to bind anyone as a matter of res adjudicata or otherwise, because (1) In the suit between the taxpayer and the library board there was a failure to join an indispensable party, namely, the library director, Mr. Graham; and (2) There was no justiciable controversy between the plaintiff and the city of Louisville and the two boards of education. It seems to Judge Williams and me that this interpretation of the agreed case statute, KRS 418.020, is so restrictive and confining that it will result not only in making the statute useless, but will have the same effect when applied—and similarly it should be applied if the holding is correct—to KRS 418.040 et sequitur.

We will state some facts in order to discuss the first proposition. In the agreed verified statement in the first case it was alleged: The plaintiff, A. Walter Redmon, was a substantial taxpayer of the city of Louisville and of Jefferson County, and had paid and was paying county taxes, county school taxes, city school taxes and taxes of the city of Louisville.

The second paragraph made formal allegations concerning the corporate existence of the library and it was alleged that the city board of education and the county board of education were boards of education of the state of Kentucky having charge of city and county schools.

The third paragraph averred that some of the funds for conducting the libraries in the city of Louisville were rents from property owned by it and that it also received appropriations from the city of Louisville.

In the fourth paragraph it was set forth that Clarence R. Graham had been director of the library for some nineteen years and he had received a salary of $7200 per annum; in addition for several years prior to July 1, 1961, he had also rendered services to the University of Louisville and received therefrom a salary which the University had discontinued on July 1, 1961.

The next paragraph recites this resolution of the Library Board:

"WHEREAS, there is now no constitutional limitation on the amount of salary to be paid to the Director, and, we are advised, KRS 64.620 does not limit the salary to be paid to the Director; now, therefore, in order that the aggregate remuneration to the Director shall not be reduced by reason of the action taken by the University of Louisville, it is unanimously

"RESOLVED that effective July 15, 1961 the salary to be paid to Clarence R. Graham as Director of the Louisville Free Public Library shall be at the rate of $10,755 per annum."

It seems to us that here we have a clear and actual controversy between a taxpayer

who has an interest because he has paid part of a tax, and a board which is charged with the duty, rightfully, to disburse that tax in payment for the discharge of the duties of a public position, namely, director. The one who fills that office, it appears, so far as the legal question is concerned, is immaterial. We presume he could be removed or replaced at the pleasure of the board. The main issue concerns whether the board has a right to disburse tax funds in this amount for this purpose.

In Smith v. Campbell, Ky., 286 S.W.2d 532, a citizen and taxpayer filed action against the county treasurer and all magistrates who had served as members of the fiscal court since 1946, and sought to recover lump sum payments made to the magistrate members of the fiscal court for office rent and telephone expenses. In the year 1935, the fiscal court had passed a resolution providing for allowances to the magistrates for office rent. An appeal was taken from the order of the fiscal court to the circuit court in which the county attorney was the appellant and the fiscal court as an entity was the appellee. The circuit court affirmed the validity of the resolution of the fiscal court and this prior judgment was pled as being res adjudicata of the question.

Upon appeal this court held that the 1935 suit was res adjudicata of the question as to all payments made prior to 1950 at which time the statute was enacted which prohibits lump sum payment of expenses. The court said:

"With respect to the question of whether the *parties* are the same, the appellee makes some point of the fact that the 1935 judgment was rendered on an appeal from an order of the fiscal court, in which the county attorney was the appellant and the fiscal court as an entity was the appellee; whereas the present action is by a citizen and taxpayer as plaintiff against the individual magistrates as defendants.

"We have no difficulty in concluding that the county attorney in the 1935 ac-

tion, and the citizen and taxpayer in the present action, both represented the people of the county and therefore were privies in interest. Accordingly, on one side of the actions the parties must be considered the same. It is also our opinion that on the other side of the actions the fiscal court in the 1935 action, and the individual magistrates in the present action, must be considered as privies and the same parties. Any individual liability of the magistrates to repay the allowances made to them would depend upon a finding that the fiscal court had no authority to make the allowances. It seems to us that a finding in an action against the fiscal court, that the authority did exist, must be conclusive of the question of individual liability, because of the dependent nature of the liability."

The recent case of Matthews v. Ward, Ky., 350 S.W.2d 500 (Oct. 20, 1961) was presented under KRS 418.020 as an agreed case to determine the validity of an agreement which the Department of Highways had made with one of its engineers, Mr. Graves. Under the contract the Department of Highways agreed to pay to the engineer the sum of $300 in lieu of his moving expenses. Engineer Graves was not made a party. No question was raised as to whether Graves was an indispensable party. The court expressed its opinion concerning the questions raised.

In Iroquois Post No. 229, American Legion, v. City of Louisville, Ky., 279 S.W.2d 13, which was an action under the Declaratory Judgment Act for a declaration that appellant's institution was one of purely public charity within the constitutional provision exempting such property from taxation by the city, this question was raised on appeal and it was said:

"It appears from the briefs that some question was raised in the lower court as to whether the county tax commissioner should have been made a party defendant, because of the fact that the

City of Louisville, in accordance with KRS 132.285, has adopted the assessments of the county tax commissioner. However, we do not find any motion appropriately raising the question. Upon remand of the case, if an appropriate motion is made, the court should order that the county tax commissioner be made a party, in view of the fact that his interests may be affected by the declaration. KRS 418.075."

This opinion, in a limited way, indicates that parties remotely interested should be drawn into the controversy but at the same time there is an implication that unless a motion is made to join such parties the defect may be waived. In the case at bar, no one asked that the library's director be joined nor was the question raised by the "Statement of Points under C R 75.04."

The term, indispensable party, is difficult to define. The best attempt to do so, we have found, is in Baltimore & O. R. Co. v. Chicago River & I. R. Co., 7 Cir., 170 F.2d 654, which is as follows:

"An indispensable party is one without whom the court can do nothing, or as was said in Barney v. Baltimore City, 73 U.S. 280, 284, 6 Wall. 280, 284, 18 L.Ed. 825, '(an indispensable party is one) whose interests in the subject-matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed.'"

As is stated above in this opinion it appears the controversy between the taxpayer and the library board is whether the tax paid by one may be so disbursed by the other. That question seems complete in itself and subject to judicial determination by the court. If this were a case by a taxpayer to require the library board to recover back salary paid to its director or a suit to recover payment of the salary from both the board and the director, then the director would be an indispensable party because it would fix liability upon him.

If the interpretation given this term by the majority opinion is correct, then in the future, suits under KRS 418.020 and 418.040 will be greatly limited and it will be necessary for the parties to wait until the damage has been done before a judicial determination of their rights may be had.

In connection with the second thesis set forth in the opinion that there was no justiciable controversy between the plaintiff and the city of Louisville and the two boards of education, the original suit, after setting forth in great detail the library's problem, makes this allegation:

"The City proposes to take similar action in raising the salaries of certain city employees above the limit of $7,200 per annum.

"The City Board of Education and the County Board of Education propose to increase the salaries of their respective superintendents so that they will receive in excess of $12,000.

"The City contends, as does the Library, that KRS 64.620 does not limit salaries to city officers and employees to $7,200 a year, and the City School Board and the County School Board similarly contend that KRS 64.600 does not, when properly construed, limit the salaries of their officers and employees to $12,000 per annum.

"The plaintiff contends that the city employees are limited to $7,200 per annum and that the officers and employees of the City and County School Boards are limited to $12,000 per annum."

The foregoing allegations were unchallenged by any request to make them more detailed or specific. In light of the allegations that preceded them no party could be deceived by the action which the school boards or the city were taking or had taken and here again the question between the

taxpayer and the disbursing board was clearcut. We think in such cases of doubt the rules of pleading, as exemplified by the Civil Rules and the intention of the Agreed Suit Act and the Declaratory Judgment Act should be construed as said in C R 1: "To secure the just, speedy and inexpensive determination of every action."

Both Judge WILLIAMS and I believe the original judgment erroneously interpreted the previous construction of KRS 64.620 and 64.600, but no appeal was taken from that judgment and whether it was correct or incorrect is now immaterial. See Carroll v. Fullerton, 215 Ky. 558, 286 S.W. 847. The damage which this opinion may do to the usefulness of suits under the Agreed Judgment Act and the Declaratory Judgment act compels us respectfully to dissent from the majority opinion of the court.