RENDERED:  MARCH 18, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1151-MR

LAURA JOHNS; CHRISTINE
STRAZZABOSCO; DUSTIN
RUSSELL; TIMOTHY SHANE; AND
ZACHARY SCHOOLAR                                          APPELLANTS


v.              APPEAL FROM FRANKLIN CIRCUIT COURT
                HONORABLE THOMAS D. WINGATE, JUDGE
                        ACTION NO. 20-CI-00381


KENTUCKY PAROLE BOARD AND
KENTUCKY DEPARTMENT OF
CORRECTIONS                                                   APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Appellants appeal the Franklin Circuit Court order denying

both their petition for immediate release from state custody and reinstatement to

supervised parole and their motion for class certification pursuant to CR[1] 23. After reviewing the record, we affirm the circuit court's order.

## BACKGROUND

Each Appellant was convicted of a crime but subsequently paroled under supervision and subject to certain conditions. Each was charged later with violating the terms of supervised parole, each was found at a hearing to have violated those terms, each had their parole revoked, and each was reincarcerated.

This seems routine until one considers Appellee Kentucky Parole Board is subject to a statute governing when the revocation hearing must be conducted. In its entirety, the applicable version of the statute says: "Any prisoner returned to prison for violation of his release shall be heard by the board within thirty (30) days on the propriety of his rerelease." KRS[2] 439.440 (1956).[3] Appellants argue the Parole Board failed to comply with the statute as to each Appellant.[4] No party disputes the COVID-19 pandemic played a role in the delays.

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

[3] The statute was amended, effective July 15, 2020, and now reads: "Any prisoner returned to *state custody* for violation of his *or her* release shall be heard by the board within *sixty (60)* days on the propriety of his *or her* rerelease." KRS 439.440 (emphasis added showing change).

[4] Each Appellant alleges he or she remained in state custody longer than the period within which their revocation hearing was required to be conducted. The Parole Board made its parole revocation determination regarding Appellant Strazzabosco 125 days after being returned to state custody, regarding Appellant Russell in 108 days, regarding Appellant Shane in 146 days, regarding Appellant Schooler in 157 days, and regarding Appellant Johns in 114 days.

-2-

Appellants and others[5] filed a petition with the circuit court pursuant to KRS 418.040 for declaratory and injunctive relief. They also moved the circuit court pursuant to CR 23 to certify, as classes, three distinct but similarly situated groups of parolees.

Appellants claimed the Parole Board violated KRS 439.440 by failing to conduct timely hearings. The remedy they seek is the immediate release from state custody and return to supervised parole status of each of the Appellants and other petitioners and, presuming class certification, each member of each class certified. They argue such relief should be granted notwithstanding the merits of any claim they violated the conditions of their parole.

Appellees disputed the claims and eventually moved the circuit court for summary judgment. They presented three arguments to the circuit court.

First, Appellees said the parolees' cases are moot because the Parole Board held hearings in each case.

Second, Appellees argued the petitioners, including Appellants here, were in local or county jails and remained there. Therefore, they were not "prisoner[s] returned to *prison*[.]" KRS 439.440 (emphasis added). Consequently, the 30-day time period for conducting a revocation hearing never began.

---

[5] In addition to Appellants, the petitioners in the circuit court action were Shaun Haley, Robby Dudley, Jeffrey Hearington, Jeremiah Kelly, Jeremy Kirksey, Curtis Wilkerson, and William Johnson.

Third, Appellees argued the only remedy available for an untimely revocation hearing is a writ of mandamus compelling the Parole Board to conduct the hearing; their petition for any other relief should be denied.

The circuit court found for Appellants on the Appellees' first two claimed grounds for summary judgment, holding: (1) although the cases were moot, they were capable of repetition, yet evading review, thereby authorizing adjudication; and (2) there was no meaningful distinction between returning a parolee to prison and any other form of reincarceration by the state.

However, the circuit court agreed with Appellees the only remedy available when the Parole Board misses the deadline imposed by KRS 439.440 is a writ of mandamus to compel the requisite hearing. Because those hearings were already conducted, Appellants have their remedy and are entitled to no more.

## ANALYSIS

We cannot yet decide whether the circuit court was correct in determining whether Appellants were entitled to the specific remedy they sought. Necessarily, we must first address the question of mootness, not only as determined by the circuit court, but as a question of our own subject matter jurisdiction. *Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341, 343 (Ky. 2014) (citing *Veith v. City of Louisville*, 355 S.W.2d 295, 297-98 (Ky. 1962)) ("Appellate courts lack subject matter jurisdiction to decide cases that have

-4-

become moot.").[6]  This Court may not proceed at all unless we determine either the issue before us is not moot or an exception to mootness applies.

Interpretation of the phrase "return[] to prison" in KRS 439.440 (1956) has been briefed by both parties.  Our review does not require deciding this question.  The circuit court ruled in Appellants' favor and Appellees have not challenged the ruling with a cross-appeal.  Additionally, the statute has been revised to eliminate the dispute.  Therefore, we will not address it.

[6] We question *Kentucky Board of Nursing*'s association of mootness with subject matter jurisdiction.  If that case, or Appellants' cases in this appeal, had been brought before becoming moot, no one could doubt the circuit court's subject matter jurisdiction.  We believe mootness, like other forms of non-justiciable cases, deprives a court of particular case jurisdiction, not subject matter jurisdiction, as shown in the cases *Kentucky Board of Nursing* cites.  Analysis in *Kentucky Board of Nursing* is predicated on the reasoning of *Veith v. City of Louisville*, 355 S.W.2d 295 (Ky. 1962), which, in turn, relies upon *Elrod v. Willis*, 303 Ky. 724, 198 S.W.2d 967 (1946), *Commonwealth ex rel. Watkins v. Winchester Water Works Company*, 303 Ky. 420, 197 S.W.2d 771 (1946), and *Revis v. Daugherty*, 215 Ky. 823, 287 S.W. 28 (1926).  Not one of these cases mentions subject matter jurisdiction.  In fact, the question in *Veith* is not even mootness, but a different category of non-justiciable cases, ripeness.  *Veith*, 355 S.W.2d at 297 ("[T]he possible development of a legal issue sometime in the future is too remote to constitute a real controversy."); *see Nordike v. Nordike*, 231 S.W.3d 733, 738 (Ky. 2007) (citation omitted) ("Jurisdiction over a particular case . . . includes, or at least relates to, concepts such as ripeness . . . .").  *Elrod* contains no form of the word "moot" for good reason; it was not moot, but simply did not present a justiciable issue because "appellant has no right w[hich] is affected by the provision he has attacked in his petition."  303 Ky. at 727, 198 S.W.2d at 969.  In *Watkins*, the Winchester Water Works based its petition on its "fear or expectation" that the Department of Highways might "take action which would necessitate the removal or relocation of the pipe lines . . . in the future."  303 Ky. at 422, 197 S.W.2d at 772.  The Department never engaged in conduct "to turn the academic question into a justiciable one . . . ."  *Id.* at 423, 197 S.W.2d at 773.  Clearly, this case is about ripeness.  Like most of these other cases, *Revis* never mentions the word "moot" or its forms, but simply says a "justiciable plaintiff should aver his legal rights" and also aver the defendant acted to "impair, thwart, obstruct, or defeat plaintiff in his rights.  Nothing of the kind is averred as against the alleged defendant . . . ."  215 Ky. at 825-26, 287 S.W. at 29.  In each case, and others, mootness and other forms of non-justiciability affect a court's authority to adjudicate the particular case over which the court clearly has jurisdiction of its subject matter.

_Mootness Question_

"[M]ootness is a threshold matter for a reviewing court to resolve." _Kentucky Bd. of Nursing_, 433 S.W.3d at 343 (citing _Kentucky High Sch. Athletic Ass'n v. Edwards_, 256 S.W.3d 1, 4 (Ky. 2008)). "[A]n appellate court is required to dismiss an appeal when a change in circumstance renders that court unable to grant meaningful relief to either party." _Med. Vision Grp., P.S.C. v. Philpot_, 261 S.W.3d 485, 491 (Ky. 2008); _see Kentucky Bd. of Nursing_, 433 S.W.3d at 344.

Appellants are reincarcerated parolees who violated conditions of their parole. The meaningful relief they seek is release from incarceration and return to supervised parole, disregarding whether they violated their parole conditions. If the circuit court was authorized to provide such relief, the issue Appellants ask this Court to review is not moot because, on this record, the Appellants remain imprisoned. Our review could continue.

Because mootness would deprive this Court of authority to do anything but dismiss the appeal, we must presume, without yet deciding the correctness of the circuit court's ruling, that the Appellants were only entitled to a hearing, which already occurred – making the issue moot. _Commonwealth v. Hughes_, 873 S.W.2d 828, 830 (Ky. 1994) (ordering what has already occurred is meaningless and, therefore, moot because there is no grievance to resolve). If moot, we cannot proceed unless an exception to the mootness doctrine applies.

-6-

The circuit court found the "capable of repetition, yet evading review" exception applies. We disagree.

*"Capable of repetition, yet evading review" exception does not apply.*

The circuit court ruled the Appellants' claims, though moot, could be adjudicated because the issues involved in the case are capable of repetition, and yet they evade review. This exception does not apply.

"The exception for cases 'capable of repetition, yet evading review,' has two elements: (1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again." *Morgan v. Getter*, 441 S.W.3d 94, 100 (Ky. 2014) (citation omitted). The second element of this exception is not present here.

For purposes of our analysis, we presume the first element is satisfied because there is a short duration for the Parole Board to conduct a revocation hearing compared to the protractions of litigation to compel it.[7] The second element is more problematic.

Because each Appellant remains in state custody and under supervision of the Parole Board, he or she might again be paroled, be subsequently

---

[7] Of course, the remedy of a writ of mandamus eliminates the relevance of this element and therefore the mootness itself.

accused of violating parole, and thereby be entitled to another KRS 439.440 hearing that the Parole Board might be tardy in providing. These circumstances are not beyond possibility. But *possibility* is not enough.

Under the second element, "there must be a *reasonable expectation* that the same complaining party will be subjected to the same action again." *Morgan*, 441 S.W.3d at 100 (emphasis added). This Court concludes any such expectation would be *unreasonable*. Not only would an Appellant have to be granted parole again, he or she would have to be accused of violating parole again. If an Appellant's behavior after reincarceration is such as to justify a second parole, he or she, surely, will have learned from this first experience not to repeat it. That makes a repeat of these circumstances unlikely to occur before the Commonwealth is beyond the disruption of government administration visited upon us by a pandemic.

Furthermore, the statute has been amended to give the Parole Board twice as long to conduct the hearings. We cannot conclude there is a reasonable expectation that any of these Appellants will be subjected again to an untimely KRS 439.440 hearing. The second element of this exception is not satisfied. Therefore, this exception to mootness cannot apply.

We believe the public interest exception does apply. "To apply the 'public interest' exception to mootness the reviewing court must find three elements present: (1) a question involving a public nature; (2) a need for an authoritative determination for the future guidance of public officers; and (3) a likelihood of future reoccurrence of the question." *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 87 (Ky. 2021).

Whether the criminally convicted are released from incarceration is a question of public interest, and we believe no more need be said. *See*, *e.g.*, *Wilfong v. Commonwealth*, 175 S.W.3d 84, 103 (Ky. App. 2004) ("[A]n appropriate condition of probation . . . serve[s] the goals of rehabilitating the probationers and protecting the public."). We move on to the second element.

The Appellants' goal in this case is to be released from incarceration. The public officers involved, to include the members of the Parole Board and the Department of Corrections, have a need to know whether a potential consequence of an untimely KRS 439.440 hearing is the parolee's release regardless of whether he or she violated parole. That leaves only the third element.

Is the Parole Board's failure to comply with the statutory time restriction likely to occur again? Although a future reoccurrence of a delayed hearing for these specific Appellants is not something we should reasonably

expect, a greater likelihood exists for first-time parolees, such as Appellants once were. A likelihood remains that even the new sixty-day limit will, from time to time, pose a challenge for the Parole Board, even after the pandemic is no longer a factor in the calculus. The logistics of prisoner participation in hearings, requiring coordination and cooperation among independent offices and officers, including possible prisoner transport, will remain an inherent obstacle to a timely hearing. Therefore, we conclude a reoccurrence of an untimely hearing is likely, whether in a solitary instance or occasionally.

This Court can now review the merits. If we conclude the circuit court is correct that Appellants' only remedy is a writ of mandamus to compel hearings that already occurred, we will not be exceeding our jurisdiction because, although moot, the question is reviewable pursuant to the public interest exception.

### *Mandamus is sole remedy for failure to conduct timely KRS 439.440 hearing.*

Long ago, a parolee, reincarcerated for violating terms of his parole, brought a *habeas corpus* action claiming he was "illegally restrained by the . . . Parole Board, because his parole from the prison was revoked and he was reincarcerated without any hearing . . . ." *Shepherd v. Wingo*, 471 S.W.2d 718, 719 (Ky. 1971). Rejecting *habeas corpus* as his remedy, the *Shepherd* Court cited the now century old case of *Board of Prison Commissioners v. Crumbaugh*, which says:

-10-

> If the [Parole B]oard should *in any case* abuse its authority in rearresting a convict, the remedy is by a proceeding in the circuit court . . . to obtain a writ of mandamus requiring the board to proceed properly, and in that judicial proceeding the facts may all be shown, and either party aggrieved by the decision may appeal to this court.

161 Ky. 540, 170 S.W. 1187, 1188 (1914) (emphasis added).

In a subsequent opinion a few years later, the former Court of Appeals laid out the reasoning more clearly. "A prisoner . . . at liberty under the parole . . . is subject to the control of the board as he was before the parole was granted." *Commonwealth v. Crumbaugh*, 176 Ky. 720, 197 S.W. 401, 402 (1917); *Muhammad v. Kentucky Parole Bd.*, 468 S.W.3d 331, 345 n.15 (Ky. 2015) (parolee in revocation hearing is not seeking release from custody, "but the exchange of one form of custody for another."). Hence, once convicted, and until he serves out his sentence, a parolee is lawfully in state custody whether incarcerated or not. *See* KRS 439.346; KRS 439.348. *Habeas* is not his remedy.

Thirty or so years after the *Crumbaugh* cases, our highest Court reiterated this most consistent ruling that if "the [Parole B]oard should abuse its authority . . . , the remedy is . . . to obtain a writ of mandamus requiring the [B]oard to proceed properly." *Mahan v. Buchanan*, 310 Ky. 832, 836, 221 S.W.2d 945, 947 (1949). That is the sole remedy the circuit court identified in the instant case.

The bottom line is that each Appellant's complaint and concomitant remedy is indistinguishable from those in *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971). In that case, the parolee claimed "revocation of parole . . . was invalid because he had not been given a hearing as required by KRS 439.440 until 40 days after his return to prison, whereas the statute directs that the hearing be had within 30 days . . . ." *Id.* at 688. Chief Justice Palmore, writing for Kentucky's highest Court said: "For the reasons set forth in *Mahan v. Buchanan* . . . and its supporting authorities, mandamus is the only proper remedy for an abuse of authority by the parole board . . . ." *Id.*

Reading *Mahan* and *Allen* together makes it clear – Appellants were entitled to no relief other than a writ of mandamus compelling the Parole Board to conduct the KRS 439.440 hearing. The record shows each Appellant has had the benefit of such a hearing and they are entitled to no further relief.

Our decision makes the question of class certification moot and we decline to address it.

## CONCLUSION

For the foregoing reasons, the Franklin Circuit Court's order is affirmed.

ALL CONCUR.

-12-

BRIEFS AND ORAL ARGUMENT
FOR APPELLANTS:

Timothy G. Arnold
Frankfort, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE KENTUCKY
PAROLE BOARD:

Angela T. Dunham
Frankfort, Kentucky

BRIEF FOR APPELLEE
KENTUCKY DEPARTMENT OF
CORRECTIONS:

Allison R. Brown
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE KENTUCKY
DEPARTMENT OF
CORRECTIONS:

Robert Chaney